## In re PRUDENCE CO., Inc.

### Petition of BROOKLYN TRUST CO.
### Nos. 27496, 27028.

District Court, E. D. New York.
Oct. 17, 1938.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Thomas Cradock Hughes, of New York City, of counsel), for Trustees of Prudence Co., Inc., debtor.

Cullen & Dykman, of Brooklyn, N. Y. (Patrick J. Mahoney, of Brooklyn, N. Y., of counsel), for Brooklyn Trust Co.

Percival E. Jackson and Clinton T. Roe, both of New York City (Milton Loewe, of New York City, of counsel), for Prudence Securities Advisory Group.

Kadel, Sheils & Weiss, of New York City (Nicholas R. Jones, of New York City, of counsel), for Prudence Bondholders Protective Ass'n.

Delafield, Marsh, Porter & Hope, of New York City (Frederic P. Rich, of New York City, of counsel), for Hurd Committee.

Root, Clark, Buckner & Ballantine, of New York City (William P. Palmer, of New York City, of counsel), for Reconstruction Finance Corporation.

Lynn G. Goodnough, of Brooklyn, N. Y., for Realty Associates Securities Corporation.

MOSCOWITZ, District Judge.

An application was made by Brooklyn Trust Company, a creditor, for an order referring the plan of reorganization for this debtor, proposed by Reconstruction Finance Corporation, to the Securities and Exchange Commission pursuant to the provisions of the recently enacted Chandler Bill.

Since this proceeding was instituted long prior to June 22, 1938, the provisions of Chapter 10 of the new Bankruptcy Act may apply only to the extent that the Court shall deem their application practicable. Bankruptcy Act, Sec. 276 (c) (2), 11 U.S.C.A. § 676 (c) (2). Upon the argument of the motion, representatives of creditors holding substantial claims appeared in opposition, as did Reconstruction Finance Corporation the proponent of the plan in question. The substance of the opposition was that the plan had been placed before the creditors in May 1938, that a large number of consents to the plan had been filed, that this Court had approved

the plan as fair and equitable and the creditors had been so advised, and that a reference of the plan to the Securities and Exchange Commission at the present time could result only in confusion and delay not contemplated by the Congress in enacting the Chandler Bill.

The Court recognizes the assistance which can be rendered by the Securities and Exchange Commission and welcomes the opportunity, in a proper case, to refer a plan of reorganization to it. Prior to the enactment of the Chandler Bill the Court in a reorganization proceeding was required to act not alone in its judicial capacity, determining issues of law, but as chairman of a board of directors as well, in charge of a business with neither the time nor facilities for securing first hand knowledge of the problems incident to the operation of that business. The trustees appointed by the Court had no authority to propose a plan of reorganization and were obliged to take a neutral position on any plan of reorganization which was proposed either by the debtor or by creditors. Under such circumstances, unless all parties were well represented and their views expressed to the Court, it was virtually impossible to properly pass upon the fairness of a plan. In such cases the Securities and Exchange Commission can serve a most useful purpose.

In the instant case, however, all classes of creditors are adequately represented, and the divergent views on the plan have been expressed to the Court. This proceeding has been pending since February 1, 1935, with virtually weekly hearings before this Court on matters concerning the estate. During this period the Court has become familiar with the complex problems presented by the estate, and after holding hearings on the plan of reorganization the Court deemed itself sufficiently informed to make a ruling that the plan was fair and equitable. Any report which might be filed by the Securities and Exchange Commission would be advisory only, and was intended by the Congress to be submitted prior to any determination as to the fairness of the plan. Such a determination has already been made in this case and nothing helpful would result from a reference to the Commission at this time. Though it has been suggested that the Commission be directed to file its report within sixty days, the Court believes that compliance with such a direction would be impossible in view of the complex nature of this estate. It may well be expected that at least six months would elapse before the submission of a report. In the interim creditors, knowing that action was being taken by the Securities and Exchange Commission, would maintain the status quo and make no progress toward confirmation of the plan pending the submission of the report by the Commission.

In this case approximately $58,000,000 in acceptances have been filed, more than fifty per cent of the amount required for the confirmation of the plan, and efforts are presently being made by creditors to secure the necessary remaining consents. An early termination of this proceeding is to be desired and to take any action now which would needlessly hinder the progress toward such termination would be unfortunate. In the belief that reference to the Commission of the plan in this case would confuse and delay the progress of these proceedings, the ruling made upon the argument of the motion will be adhered to and the motion stands denied.