**SECURITIES AND EXCHANGE COM-MISSION, Petitioner,**

v.

**Honorable Ben KRENTZMAN, District Judge of the United States District Court for the Middle District of Florida, Respondent.**

No. 25774.

United States Court of Appeals
Fifth Circuit.

June 28, 1968.

David Ferber, Philip A. Loomis, Jr., Paul Gonson, Richard F. Kotz, Attys., Sec. & Exchange Comm., Washington, D. C., for petitioner.

George E. Allen, Fort Myers, Fla., for respondent.

Before WISDOM, GOLDBERG and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

The Securities and Exchange Commission seeks a writ of mandamus directed to the Honorable Ben Krentzman, United States district judge for the Middle District of Florida. In a hearing conducted in a reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., the referee ruled that counsel for the Commission had no standing to cross-examine a witness. The Commission is a party to the reorganization by virtue of the district court's approval of the Commission's notice of appearance filed pursuant to § 208 of the Act. 11 U.S.C.A. § 608. The Commission moved the district court to direct the referee to allow it to conduct the desired cross-examination, to offer evidence and to participate fully in the hearing. The motion was denied. Original petition for a writ of mandamus was filed with us, and the Respondent has filed an answer as required by Fifth Circuit Rule 13a, and a brief.

The Commission was a "party in interest" in the reorganization pursuant to § 208 of the Bankruptcy Act.[1] The reorganization is of Tower Credit Corporation. The trustee filed a petition seeking return to Tower of a large block of its own stock alleged to be mistakenly in the possession of the trustee in bankruptcy of another company, First Mortgage Corporation, and seeking determination of the rights in another large block as between the First Mortgage trustee and a bank which had purchased the second block at a sale on execution.

At the request of the reorganization trustee a show cause order was issued by the district judge requiring the First Mortgage trustee and the bank to file pleadings setting forth their positions, the matter then to be heard by the referee to ascertain whether the reorganization trustee was entitled to the first described block of stock, and to determine the rights, if any, of the First Mortgage trustee to the second shares held by the bank. (There were several other blocks of stock, involving several other parties, the rights to which were to be determined in the same manner and at the same hearing.)

In the hearing the First Mortgage trustee testified on direct in behalf of his bankruptcy estate and was subjected to cross-examination by a party or parties other than the Commission. Counsel for the Commission then sought to cross-examine, and before he commenced the referee *sua sponte* ruled he would not be allowed to do so. The referee's grounds set out in an oral colloquy with Commission counsel were

---

[1]. 11 U.S.C.A. § 608:

"The Securities and Exchange Commission shall, if requested by the judge, and may, upon its own motion if approved by the judge, file a notice of its appearance in a proceeding under this chapter. Upon the filing of such a notice, the Commission shall be deemed to be a party in interest, with the right to be heard on all matters arising in such proceeding, and shall be deemed to have intervened in respect of all matters in such proceeding with the same force and effect as if a petition for that purpose had been allowed by the judge; but the Commission may not appeal or file any petition for appeal in any such proceeding."

that the hearing was the trial of a lawsuit, of a controversy in which the sole parties in interest were the reorganization trustee as plaintiff, the First Mortgage trustee as defendant, and the bank as a third party defendant, with issues between them defined by the pleadings and with burdens of proof, that if the Commission was entitled to cross-examine each of the numerous creditors was similarly entitled which would make it impossible to conduct the trial, and that discovery procedures were available to the Commission if it desired to pursue them.

Counsel for the Commission stated that his purpose was to develop more facts. In further colloquy with the referee counsel referred to a claim of right to offer evidence as well as to cross-examine. The further the matter went the broader the Commission's position became. The motion presented to the district judge added a claim of right to participate fully in the hearing. The petition filed with this court seeks to establish the right to participate fully, including examination of witnesses and presentation of evidence, in all hearings and matters in the corporate reorganization, whether before the referee, the district judge or a special master.

When the Bankruptcy Act was amended to permit intervention in corporate reorganizations by the Commission, it was made clear that the Commission was charged with a responsibility to protect the public interest, the general interest of investors, and to serve in an advisory capacity to the bankruptcy court. Hearings on H.R. 8046 Before a Subcomm. of the Senate Comm. on the Judiciary, 75th Cong., 2d Sess. 12 (1938); Hearings on H.R. 8046 Before the House Comm. on the Judiciary, 75th Cong., 1st Sess., serv. 9, at 423–26 (1937); H.R. Rep. No. 1409, 75th Cong., 1st Sess. 38 & 47–48 (1937). Section 208 gives the court an option to request the Commission's assistance in the reorganization, and

gives the Commission the option to intervene (with the Court's approval) in cases it deems appropriate. Once the Commission has intervened it is "deemed to be a party in interest, with the right to be heard on all matters arising in such proceeding."

A basic assumption of Chapter X is that "the investing public dissociated from control or active participation in the management, needs impartial and expert administrative assistance in the ascertainment of facts, in the detection of fraud, and in the understanding of complex financial problems." One of the major reforms of the chapter, therefore, was the introduction of the Securities and Exchange Commission into the reorganization process to fulfill that need.

6A Collier, Bankruptcy ¶ 9.27, at 324 (14th ed. 1965) (citations omitted). The Commission acts in an impartial advisory capacity "in the role of amicus curiae." Senate Hearings on H.R. 8046, supra at 12 (testimony of SEC Chairman, now Justice, Douglas). "Its disinterestedness and the extensive experience and knowledge of its staff of economic and legal experts make it a powerful force in the reorganization proceeding."[2] Under Section 172 of the Act, 11 U.S.C.A. § 572, the judge may, if the scheduled indebtedness of the debtor does not exceed $3,000,000, and must if such indebtedness exceeds $3,000,000, submit to the Commission for examination and an advisory report the plan or plans the judge thinks worthy of consideration. The record does not tell us whether Tower's scheduled indebtedness would bring it within the mandatory or the permissive provisions of § 172, but we do not consider that to be determinative. The judge may not approve a plan submitted to the Commission until it has filed its report, or has waited an unreasonable time without filing. § 173 of the Act, 11 U.S.C.A. § 573. 6 Collier, supra ¶ 7.30.

---

**2.** Gerdes, Introduction to Symposium on Corporate Reorganizations, 18 N.Y.U.L.Q.Rev. 313, 315 (1941).

The assistance rendered by the Commission has been helpful in many instances and well received.[3]

■ Reading the language of § 208 against the backdrop of its legislative history, particularly the function the Commission was expected to perform, we believe Congress would not have intended there be power in the district court to deny the Commission carte blanche the right to propound questions to witnesses on cross-examination and to offer evidence. No sufficient reason is offered to us to carve out such an exception to the right of the Commission as "a party in interest with the right to be heard on all matters arising in such proceedings." Such a limitation would hamper the Commission severely in its tasks as adviser to the court and protector of the public interest. This is all the more clear if the debtor, as Tower, may have scheduled indebtedness of sufficient size that the Commission ultimately will be called on for a report.[4] That there were named parties with direct economic interests and that the issues had been framed by pleadings did not convert the dispute into a private lawsuit devoid of public interest or relieve the Commission of its statutory duties. Participation by the Commission is especially significant where the proceedings are complex and diverse and may be of long duration and the debtor in reorganization is of nationwide scope.

This controversy comes to us with each point of view at the furtherest end of its side of the spectrum, the Commission having been forbidden either to ask any question or offer any evidence, a ruling we think not correct, and the respondent voicing the fear that the Commission might turn a hearing called for and directed to the determination of narrowly defined issues into a general discovery expedition, tying up needlessly courts, litigants and lawyers and frustrating the purposes of the hearing. Intervention by the Commission does not deprive the referee and district court of their powers over the proceedings and the parties before them, including enforcement of evidentiary standards and the conduct of an orderly hearing. The Commission's role does not allow it to roam at will free of restraint, to make of any hearing incident to reorganization, regardless of its purpose and scope, a full-blown discovery proceeding to inquire into matters not directly related to the subject matter of the hearing. But it is our view that once the Commission is allowed to ask its questions, and to offer its evidence if any, the relevancy and materiality thereof must be measured in the light of the Commission's capacity and duties with respect to the particular subject matter of the hearing and not strictly limited to the exact points of contention as framed by the parties having private economic interests. The Commission's duty and interest in the subject matter cannot be pleaded out of the hearing by others, but the Commission must limit itself to the general subject matter in inquiry.

■ Thus we conclude that the order of the district court denying the Commission the right to propound questions on cross-examination, and to offer evidence, was outside the authority of the court. Beyond our general observations of maximum and minimum boundaries, we cannot, of course, comment on what future rulings of the referee should be. Those rulings will depend upon the nature of the proceeding and on what questions are asked and what evidence is offered.

Respondent asserts that if we grant the relief requested by the Commission

3. In re Portland Elec. Power Co., 97 F. Supp. 857 (D.Or.1951); In re Prudence Co., 25 F.Supp. 205 (E.D.N.Y.1938); see Gerdes, Recent Developments in Corporate Reorganization Under the Bankruptcy Act, 26 Va.L.Rev. 999, 1010–1013 (1940); Frank, Epithetical Jurisprudence and the Work of the Securities and Exchange Commission in the Administration of Chapter X of the Bankruptcy Act, 18 N.Y.U.L.Q.Rev. 317 (1941).

4. Tower was listed on the American Stock Exchange and had more than 1,000 stockholders.

the courts will become less willing to seek or approve Commission intervention. But this is a policy matter for the Commission to weigh, and for the court to decide, in each instance, and does not limit the statute-granted status of the Commission once it has become a party.

 This brings us to consideration of the appropriateness of mandamus under the All Writs Statute, 28 U.S.C.A. § 1651. The power granted us under § 1651 is to be used only in the exceptional case where there is clear abuse of discretion or usurpation of judicial power. Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953); ACF Industries, Inc. v. Guinn, 384 F.2d 15 (5th Cir. 1967). We recognize that the district judge was called on to act forthwith on a question of first impression, without time for counsel to furnish authorities and legislative history. Nevertheless the end result was that he exercised what he thought to be a discretionary power which he did not possess under § 208, which in our opinion makes mandamus appropriate. La-Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). We view this as an exceptional case, calling for our exercise of the discretionary power to issue mandamus. An early determination of the Commission's right to participate is in the interest of all, for it bears on the Commission's effectiveness in the course of the reorganization.

The Commission has no right to initiate an appeal. 11 U.S.C.A. § 608.[5] The legislative history appears to give no reason for this limitation. But we do not find this inconsistent with application for mandamus. It may be inappropriate for the Commission, once it has performed its function, to prolong litigation if none of the parties whose economic interests are at stake desire to seek review. The absence of review at the behest of the Commission makes all the more appropriate a writ to enable it to perform its task.

Even if a party can assign as error on appeal the limitation on Commission participation, a point we do not decide, this is not a realistic remedy. The extent to which the Commission's functions might be impaired by improper restrictions on its participation would be almost impossible to identify and trace. This court too has an interest that on appeal, if there is one, the record be complete.

A writ of mandamus shall issue directing the Respondent (1) to vacate and set aside his order overruling the motion of the Commission to the extent that said order did not direct the referee to allow the Commission to propound questions to witnesses on cross-examination and to offer evidence in the hearing here involved; and, (2) to enter an order directing the referee that in any continued or adjourned session of the hearing here involved the Commission shall be allowed to propound questions to witnesses on cross-examination and to offer evidence, and if the said hearing otherwise has been completed pending this appeal it shall, if the Commission so requests of the referee, be re-convened to give the Commission such opportunity.

Writ granted.

---

5. This restriction on the right of the Commission to initiate appeals has not been understood to bar its participation in appeals taken by other parties. See 6A Collier, supra, ¶ 928, at 330–31, and cases cited at 331 n. 32.