408 F.2d 640
 In the Matter of COMMONWEALTH FINANCIAL CORPORATION and its
subsidiaries, Neighborhood Finance Co., Inc., and
Neighborhood Finance Co., Inc., of Pennsylvania, and Morise
Thal, President of the debtors corporations, Appellant.
 No. 17455.
 United States Court of Appeals Third Circuit.
 Argued Jan. 20, 1969.
Decided Feb. 24, 1969, Rehearing Denied March 19, 1969,
Certiorari Denied June 16, 1969, See 89 S.Ct. 2104.
 
 Stuart H. Savett, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa. (Adelman & Lavine, Alexander B. Adelman, Marcus Manoff, Philadelphia, Pa., on the brief), for appellant.
 Paul Gonson, S.E.C., Washington, D.C. (Richard V. Bandler, Associate Regional Administrator, Edwin H. Nordlinger, Special Counsel, Henry I. Rothman, Atty., S.E.C., New York City, Philip A. Loomis, Jr., Gen. Counsel, David Ferber, Solicitor, Harvey A. Rowen, Atty., S.E.C., Washington, D.C., on the brief), for Securities and Exchange Commission.
 Leon S. Forman, Wexler, Mulder & Weisman, Philadelphia, Pa., for trustees.
 Before HASTIE, Chief Judge, and McLAUGHLIN and STAHL, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The present controversy has arisen during the course of a corporate reorganization proceeding under Chapter X of the Bankruptcy Act. The Securities and Exchange Commission became a party to this proceeding, as authorized by section 208 of Chapter X, 11 U.S.C. 608, by filing and obtaining the court's approval of its notice of appearance. Subsequently, the court authorized the trustees to conduct an examination of witnesses, including officers and directors of the debtor, as provided in section 167. 11 U.S.C. 567. Thereafter, on petition by the trustees, the court authorized the Commission to participate in the section 167 examination of witnesses.
 
 
 2
 The trustees called the appellant, who is president of the debtor corporation, for examination. He refused to be sworn or to testify because of the Commission's intention to participate. The matter was submitted to the court which rejected the excuse and ordered the witness to testify. This appeal was then taken to test the right of the Commission to participate in the examination of the appellant.
 
 
 3
 Section 208 provides that after the Commission's request to appear shall have been approved by the court, 'the Commission shall be deemed to be a party in interest, with the right to be heard on all matters arising in such proceeding * * *.' The Court of Appeals for the Fifth Circuit has recently construed this section as authority for the examination of witnesses by the Commission at a hearing to determine whether certain shareholders should be deprived of their stock. Securities and Exchange Comm. v. Krentzman, 1968, 397 F.2d 55. And see Securities and Exchange Comm. v. Templar, 10th Cir. 1969, 405 F.2d 126. We find no canon of interpretation and no reason or policy that would dictate a narrower interpretation to make section 208 inapplicable in the present context. We note in this regard that in this case both the court and trustees have approved the participation of the Commission in the section 167 examination.
 
 
 4
 It is suggested that information obtained by the Commission through its examination of the appellant might later be used against him in a related criminal proceeding. Of course the same danger would be inherent in examination by the trustees. However, in either event the witness is free to resist examination by asserting his privilege against self-incrimination. This the appellant has not done.
 
 
 5
 The order requiring the appellant to be sworn and to testify as a witness will be affirmed.