**Jake BRYANT, Jr., Plaintiffs,**

**v.**

**ROHR INDUSTRIES, INC. and International Association of Machinists and Aerospace Workers, Defendants.**

**No. C86–778TB.**

United States District Court,
W.D. Washington.

July 14, 1987.

Jake Bryant Jr., pro se.

Bruce D. Corker, Timothy J. O'Connell, Perkins Coie, Seattle, Wash., for defendant Rohr Industries.

John E. Rinehart, Jr., Hafer, Price, Rinehart and Schwerin, Seattle, Wash., for defendant Intern. Ass'n of Machinists and Aerospace Workers.

## ORDER GRANTING DEFENDANT INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 4(j)

BRYAN, District Judge.

THIS MATTER comes before the Court on a motion by defendant International Association of Machinists and Aerospace Workers (Larry Finneman, Rod Christianson, and Harold Gibson) for an order of dismissal pursuant to Fed.R.Civ.P. 4(j).

The Court has reviewed the motion, documents filed in support and opposition, and the files, and now concludes that the defendant's motion to dismiss without prejudice should be granted, and this case should be dismissed without prejudice. The Court's reasoning follows.

## JURISDICTION

This Federal District Court has federal question jurisdiction over plaintiff Jake Bryant, Jr.'s claim alleging age discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5.

## FACTUAL BACKGROUND

■ The plaintiff filed his complaint on September 18, 1986. On December 17, 1986, defendant International Association of Machinists and Aerospace Workers (hereinafter "International") filed an answer. Defenses listed by the International included the following:

15. The court does not have jurisdiction over the person of the union.

16. Service of process on the union and/or the persons named on the Summons and Complaint is insufficient.

17. There is insufficiency of process.

18. Plaintiff has failed to join an essential person.

Court File, p. 4; p. 3 of Answer of International.

On May 7, 1987 defendant International filed this Motion to Dismiss.

Fed.R.Civ.P. 4(j) provides:

**(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Dismissal of the action without prejudice as to that defendant is mandatory if the plaintiff cannot show "good cause" why service of the summons and complaint is not made upon a defendant within 120 days. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985); *See also, United States for Use*

*and Benefit of DeLoss v. Kenner General Contractors,* 764 F.2d 707, 710–711 (9th Cir.1985). Defendant International maintains the plaintiff's attempted service of process upon it was not sufficient because delivery of a copy of the summons and complaint to the offices of the District Lodge 160 by certified mail does not satisfy the requirements for service in Fed.R. Civ.P. 4(c)(2)(C)(ii) which provides as follows:

> (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

The copy of the summons and complaint sent to International was sent by certified mail, not first-class mail. Defendant International maintains, and the plaintiff does not dispute, that that certified mailing did not include the requisite two copies of a notice and acknowledgement and did not contain a return envelope, postage prepaid, addressed to the sender. In addition, defendant International maintains that District Lodge 160 is not an agent of the International and that service made on Lodge 160 is not valid service on the International.

In response to the defendant's motion, the plaintiff argues that service was properly executed because Lodge 160 received the summons and complaint by certified mail. The plaintiff further argues that counsel for defendant International acknowledged receipt of the complaint and summons in a certified letter dated December 17, 1986, which included an answer to the complaint. The plaintiff also points out that defendant International participated in the drafting and filing of the joint status report on May 4, 1987. The plaintiff con-

cludes that "All deadlines appear to have been met", asserts that he has acted in good faith, and expresses regret over "the apparent problems incurred with the service process". (Plaintiff's Memo in Support of Plaintiff's Motion to Deny Dismissal of Discrimination Action, page 4, lines 7–11.) There is no indication that preceding or following the filing of the documents in association with this motion, plaintiff has made any attempt to comply with the requirements of Fed.R.Civ.P. 4(c)(2)(C)(ii).

## DISCUSSION

In the motion at bar, Fed.R.Civ.P. 4(j) requires that the court grant a defendant's Motion for Dismissal when service of process has not been properly effected, unless the plaintiff can show good cause why service was not effected according to the rule. *Wei, supra.* Although other circuits have held the proper response to a finding of insufficient process is to quash service rather than to dismiss without prejudice, (*See Daley v. ALIA,* 105 F.R.D. 87 (D.C.N. Y.1985)); it appears the Ninth Circuit has not yet adopted this reasoning. Plaintiff Bryant has made no specific attempt to show good cause why proper service was not effected, but continues to maintain that service by registered mail should be construed as effective service upon the defendant International. This argument plainly falls short of the requirements set forth in the rule, and therefore, this court is faced with the prospect of determining whether good cause for the delay in affecting service has been shown in the circumstances here.

The Ninth Circuit has recognized "good cause" for failure to properly effect service as including counsel's discovery of a serious illness (resulting in a 17–day delay in effecting service), *LeMaster v. City of Winnemucca,* 113 F.R.D. 37 (D.Nev.1986); and evasion of service by a putative defendant, *Arroyo v. Wheat,* 102 F.R.D. 516, 518 (D.Nev.1984). Reasons recognized as *not* constituting good cause include counsel's inadvertence and the plaintiff's desire to amend the complaint, *Wei, supra;* and counsel's ignorance of Rule 4(j), *Ruley v. Nelson,* 106 F.R.D. 514, 518 (D.Nev.1985).

The question in the motion at bar thus becomes, whether a pro se plaintiff has shown "good cause" for failure to effect proper service when the defendant is not prejudiced for lack of notice of the lawsuit due to receiving a summons and complaint via certified mail, and where plaintiff has failed to effect proper service of process due to his apparent failure to appreciate the requirements of the rule. This court does not doubt the plaintiff's contention that he is acting in good faith, and it is clear that defendant International is aware of the plaintiff's lawsuit. Nevertheless, ignorance of the law is no excuse, and plaintiff has not shown good cause for his failure to perfect service.

Under the authority of Fed.R.Civ.P. 4(j) and *Wei, supra,* this case should be dismissed without prejudice.

### ORDER

For the foregoing reasons it is now

ORDERED Defendant International's Motion for an Order of Dismissal Pursuant to Fed.R.Civ.P. 4(j) is GRANTED, and this case is dismissed without prejudice.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and the plaintiff at his last known address.