**J. Richard SCHNABEL,**
**Plaintiff–Appellant,**

v.

**Jonathan Ray WELLS, James Pickerel,**
**Joyce Pickerel, Defendants–Appellees.**

No. 90–8293.

United States Court of Appeals,
Eleventh Circuit.

Jan. 28, 1991.

Eugene Novy, Robert Craig Henderson, Novy & James, Atlanta, Ga., for plaintiff-appellant.

Robert Malcolm Darroch, Jay Lane Drew, Elizabeth A. Obenshain, Emory A. Wilkerson, Darroch & Obenshain, Atlanta, Ga., for defendants-appellees.

Before TJOFLAT, Chief Judge, DUBINA, Circuit Judge, and PECK *, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge:

Plaintiff Richard Schnabel appeals from judgment in favor of the defendant, Jonathan Wells, for failure to serve process within the time required by Federal Rule of Civil Procedure 4(j). For the reasons that follow, WE AFFIRM.

## I. BACKGROUND

Schnabel filed suit against Wells on December 9, 1988, two days before the expiration of the statute of limitations, for personal injuries arising out of an automobile accident. Schnabel sent Wells a copy of the summons and complaint by certified mail, return receipt requested, along with a cover letter instructing Wells to contact his insurance carrier and advising him that he must file an answer within the time prescribed by federal law. Wells filed a timely answer asserting twelve defenses to the lawsuit, including insufficient service of process. Discovery then ensued. At no time did Schnabel attempt to effect personal service on Wells or otherwise attempt to address Wells' allegation of insufficient process. In October of 1989, Wells moved for summary judgment on the grounds that service of process had never been perfected and consequently the action was barred by the statute of limitations. The district court treated this as a motion to dismiss pursuant to Rule 4(j) for failure to serve process within 120 days of filing the complaint and dismissed the case without prejudice. The court later entered judgment in favor of Wells, and from this judgment plaintiff appeals.

## II. DISCUSSION

Under Rule 4(c)(2)(A), a summons and complaint is to be served personally by a non-party adult unless one of the exceptions in subparagraph (B) or (C) applies. Mail service is one of these exceptions. Under Rule 4(c)(2)(C), a summons and complaint may be served upon a competent adult

(ii) by mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph....

Fed.R.Civ.P. 4(c)(2)(C)(ii).

The provision permitting mail service is relatively recent. It was enacted by Congress in 1983 to relieve United States marshals of the burden of serving summonses and complaints in private civil suits. Ser-

* Honorable John W. Peck, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

vice by certified mail, restricted delivery, was proposed by the United States Supreme Court under the provisions of the Rules Enabling Act. However, Congress expressly rejected this method of service, instead providing for service by first class mail with a notice and acknowledgment to be executed by the defendant under penalty of perjury. A sponsor of the amendment, Mr. Edwards of California, stated that this method was preferred over the certified mail method because it avoided the notice problems created by the certified mail proposal. However, he also stated that actual notice is not of itself sufficient, noting that "if the proper person receives the notice but fails to return the acknowledgment form, another method of service authorized by law is required." Statement By a Member of the House Committee on the Judiciary, 128 Cong.Rec. H9848 (daily ed. Dec. 15, 1982) (statement of Rep. Edwards), *reprinted in* 1982 U.S.Code Cong. & Admin.News 4434, 4439–40. *See also Armco, Inc. v. Penrod–Stauffer Building Systems, Inc.,* 733 F.2d 1087, 1088 (4th Cir.1984).

■ This result is mandated by the plain wording of the mail service rule. If a defendant receives mail service, but chooses not to respond, the plaintiff must effect personal service. The defendant's actual notice of the lawsuit does not eliminate this requirement. *See Young v. Mt. Hawley Ins. Co.,* 864 F.2d 81, 82–83 (8th Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 281, 107 L.Ed.2d 261 (1989); *Armco, Inc. v. Penrod–Stauffer Building Systems, Inc.,* 733 F.2d 1087, 1088–89 (4th Cir.1984); *Worrell v. B.F. Goodrich Co.,* 845 F.2d 840, 841–41 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989); *McDonald v. United States,* 898 F.2d 466, 468 (5th Cir.1990); *Stranahan Gear Co., v. NL Industries, Inc.,* 800 F.2d 53, 56 (3d Cir.1986). Instead, defendant's penalty for declining to return the acknowledgment form is that defendant may be required to pay the additional costs of procuring service by alternate means. *See* Rule 4(c)(2)(D); *Armco,* 733 F.2d at 1088.

■ Since actual notice is not adequate when mail service is properly effected but the defendant chooses not to return the acknowledgment form, we are aware of no authority for holding that actual notice may cure service defectively executed. We therefore adopt the reasoning of the Fifth Circuit in *Norlock v. City of Garland,* 768 F.2d 654 (5th Cir.1985). In that case, nearly identical factually to the case at bar, the court of appeals stated:

> Finding no error in the court's insistence on compliance with the plain language of the rule, we affirm. Service by mail is quick, convenient, and inexpensive. Because, however, it is subject to abuse, the well-considered requirements of the rules, designed to ensure that mail service will be adequate, are not to be disregarded with impunity.

*Norlock,* 768 F.2d at 655.

■ Schnabel urges us to distinguish *Norlock* from the case at bar, noting that in *Norlock* the plaintiff sent the summons and complaint by regular mail, while Schnabel sent his documents by certified mail and obtained an acknowledgment card indicating that the forms had been received. This is a distinction without a difference. A certified mail receipt cannot be construed to constitute an adequate substitute for the form required by the Rule in light of Congress's express rejection of this method of acknowledgment when proposed by the Supreme Court. Accordingly, we conclude that the summons and complaint was not properly served on defendant Wells.

■ Finally, plaintiff Schnabel suggests that the district court abused its discretion in granting judgment in favor of the defendant. However, under Rule 4(j), dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown. No showing of cause was made in this case. Indeed, Schnabel was on notice as of January 18, 1989 when Wells filed his answer that sufficiency of process was at issue. At that time, more than two months remained of the 120 day period provided by Rule 4(j), yet Schnabel made no attempt to correct

the defective service or even to inquire into the alleged deficiency. Consequently, dismissal without prejudice was mandated by Rule 4(j). Furthermore, because the statute of limitations expired, reinstatement of the action was barred under Georgia law, and judgment for the defendant was properly entered.

## III. CONCLUSION

For the reasons stated above, we conclude that the district court did not err in entering judgment in favor of defendant Jonathan Wells, and therefore, the judgment of the district court is AFFIRMED.