**Launeil SANDERS, Plaintiff,**

v.

**FLUOR DANIEL, INC., Defendant.**

**No. 92–1399–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 8, 1993.

Launeil Sanders, pro se.

Donna Maria Griffin, Haynsworth, Baldwin, Johnson & Harper, Tampa, FL, for defendant.

### ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss, filed February 18, 1993, and Plaintiff's response thereto, filed March 2, 1993. (Dkt. 5 & 7) Although Defendant's motion states it is a motion for dismissal pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim, the grounds stated are actually addressed by Rule 12(b)(5) Insufficiency of Service of Process and Rule 4(j) Time Limit for Service.

### STATEMENT OF FACTS

The initial complaint in this action was filed by pro se Plaintiff on September 25, 1992, alleging that Defendant, Fluor Daniel, Inc., terminated his employment in violation of the Age Discrimination in Employment Act (ADEA). Plaintiff attempted to serve the Defendant by certified mail return receipt requested. In its motion, Defendant admits receiving the documents on September 28, 1992, but states that "due to defects with the service by mail attempted by Plaintiff, Defendant did not accept service and complete the acknowledgment of receipt of summons and complaint." On November 5, 1992, Plaintiff filed the signed certified mail receipt with the court presumably to signify acknowledgment of service by Fluor Daniel.

On January 26, 1993, Plaintiff filed an Amended Complaint with the Court. Again, Plaintiff attempted service of process by certified mail which was received by Defendant's registered agent on January 29, 1993.

Defendant, Fluor Daniel, contends that Plaintiff failed to effect service of process on the initial Complaint within the required time frame of 120 days and therefore asks this Court to dismiss the complaint. Such dis-

missal is pursuant to Federal Rules of Civil Procedure Rule 12(b)(5) and Rule 4(j).

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 4(j) requires that service of the summons and complaint be made upon a defendant within 120 days of the filing of the complaint. Failure to comply with this rule will result in dismissal of the complaint without prejudice unless the plaintiff can show good cause why service was not made within that period. Fed. R.Civ.P. Rule 4(j).

Here, pro se Plaintiff filed his complaint on September 25, 1992. Plaintiff was therefore required, under Rule 4(j), to serve his complaint and summons upon Defendant by January 25, 1993.[1] Plaintiff apparently attempted to do so pursuant to Rule 4(c)(2)(C)(ii), which allows for service by mail as follows:

"... by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender."

However, Rule 4(c)(2)(C)(ii) goes on to require that if no acknowledgment of service is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made by alternate means indicated in the rule. In this instance, because Defendant did not acknowledge service via return of the notice and acknowledgment form, Plaintiff was thereby required to serve the Defendant corporation by delivering a copy of the summons and complaint to an officer or other recognized agent appointed to receive service of process. Fed. R.Civ.P. Rule 4(d)(3).

Plaintiff failed to effectively serve Defendant as required by Rule 4(c)(2)(C)(ii) within the 120 day time limit of Rule 4(j) and upon challenge by the Defendant's Motion to Dismiss for insufficiency of service of process, Plaintiff bears the burden of proving the validity of the service or of proving good cause for failure to timely effect service.

*Systems Signs Supplies v. U.S. Dept. of Justice,* 903 F.2d 1011, 1013 (5th Cir.1990) quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985).

Plaintiff alleges that filing of the certified mail receipt constitutes notice and acknowledgment of service. (Dkt. 7 at 2) Rules of Civil Procedure Rule 4(c)(2)(C)(ii). The Eleventh Circuit has specifically denounced this contention in the case of *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991), stating, "a certified mail receipt cannot be construed to constitute an adequate substitute ... in light of Congress's express rejection of this method of acknowledgment when proposed by the Supreme Court."

Plaintiff also contends that his pro se status entitles him to more lenient scrutiny, citing *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (pro se complaint requires less stringent reading than one drafted by an attorney). (Dkt. 7 at 1) However, there can be no lenient exception granted for a Plaintiff's failure to comply with the formal Rules of Civil Procedure. As stated by the Fifth Circuit in *Kersh v. Derozier,* 851 F.2d 1509 (5th Cir.1988), "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law ... To hold that a pro se litigant's ignorance of Rule 4(j) excuses his compliance with the rule would automatically excuse his failure to serve his defendants timely." *Id.* at 1512. *Accord Systems Signs Supplies, supra* at 1014, (the Court held insufficient establishment of good cause and dismissal was affirmed based on pro se plaintiff's technically defective personal service despite pro se status and even in light of actual notice and repeated service attempts during the Rule 4(j) period).

Plaintiff failed to comply with the time requirement for service of process as prescribed in Federal Rules of Civil Procedure Rule 4(j), and has failed to establish good cause for his failure to comply within the 120 day time period.

Accordingly, it is

---

1. 120 days from September 25, 1992, fell on a Saturday; therefore Plaintiff was required to

properly serve Defendant by the following business day which was Monday, January 25, 1993.

ORDERED that the motion to dismiss be **GRANTED** and the cause of action be **DISMISSED WITHOUT PREJUDICE** for insufficient service of process pursuant to Federal Rule of Civil Procedure 4(j).

**DONE and ORDERED.**