Bert F. **WILLIAMS,** Plaintiff,

v.

**PUBLIX WAREHOUSE,** Defendant.

No. 92–1254–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 23, 1993.

Bert F. Williams, pro se.

John–Edward Alley and Cynthia Sass, Alley & Alley, Chartered, Tampa, FL, for defendant.

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion for judgment on the pleadings and supporting memorandum filed May 21, 1993.

Defendant's motion seeks dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 4(j), which provides, in part:

> If a service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint and the party upon whose behalf such service is required cannot show good cause why such service was not made within that time period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Defendant states in its memorandum that the action should be dismissed because Plaintiff failed to serve process on Defendant within the 120 day period mandated by Rule 4(j) and that Plaintiff has further failed to attempt to inquire into or correct the alleged deficient service after being put on notice of the deficiency by Defendant's answer.

The issue before this Court is whether Plaintiff, solely through his own fault, has failed to comply with the requirements of Rule 4(j) so as to mandate dismissal of his cause without prejudice. In answering this question, the Court finds it necessary to embark on a rather detailed discussion of the relevant dates in this case as they pertain to Rule 4(j).

Plaintiff in this case is proceeding *pro se* and *in forma pauperis*. On September 1, 1992, Plaintiff filed his complaint (hereinafter the "Complaint") alleging that Defendant had wrongfully discharged Plaintiff from employment solely on the basis of his race. Accompanying the Complaint was a motion seeking the appointment of counsel and an Affidavit of Indigency, which was only partially complete.

This Court responded to Plaintiff's motion on November 9, 1992, sixty-nine (69) days

after Plaintiff filed the Complaint, by entering an order denying Plaintiff's request for appointment of counsel. Subsequently on November 12, 1992, seventy-two (72) days after the Complaint was filed, this Court entered an order requiring Plaintiff to fully complete and return an Affidavit of Indigency within twenty (20) days. Plaintiff complied with the order on November 30, 1992, eighteen (18) days after that order was entered, by filing a completed Affidavit of Indigency.

Thereafter, on December 7, 1992, ninety-seven (97) days following the filing of Plaintiff's Complaint, this Court entered an order granting the plaintiff's motion to proceed *in forma pauperis* and directing the Clerk of the Court to file all pleadings in the cause without prepayment of costs and directing the United States Marshals Service (hereinafter the "Marshal"), upon receipt of the appropriate instructions in proper form from Plaintiff, to effect service of process without prepayment of costs or fees. Also on December 7, 1992, an order was entered ordering Plaintiff to complete a summons and a Marshal's Form (USM 285) (hereinafter "Form I") providing the name(s) and address(es) of Defendant(s) and to mail the completed Form I to the Clerk's Office within twenty (20) days of the date of the order. The Marshal acknowledged receipt of said Form I on January 13, 1993. By this date, 134 days had passed since Plaintiff filed his Complaint.

Defendant filed an answer (hereinafter the "Answer") on February 10, 1993, 162 days after Plaintiff's Complaint, denying any willful or intentional violation of 42 U.S.C. § 2000e, or any other statute under which Plaintiff might seek to bring this cause of action. The Answer set forth seven defenses. The Third Defense alleged insufficiency of process, insufficiency of service of process and lack of timely service.

On February 16, 1993, the Court entered two orders. One of the orders noticed all parties of the procedural requirements which must be complied with in order to practice before this Court. The other was an order for status information requiring Plaintiff to communicate with Defendant in an effort to reach an amicable settlement of the case and to report the status of said negotiations to the Clerk's Office no later than March 16, 1993. Plaintiff complied by filing a completed copy of the order for status information on March 16, 1993, twenty-eight (28) days after the order was entered and 196 days after the Complaint was filed.

An order scheduling a preliminary pretrial conference and directing answers to standard interrogatories was entered on March 22, 1993, scheduling the pretrial conference for May 27, 1993. The order required Plaintiff to answer, serve and file his responses to the propounded interrogatories by May 7, 1993 and required Defendant to answer, serve and file its responses to the interrogatories by May 17, 1993. Both Plaintiff and Defendant filed their Answers to Standard Interrogatories on May 7, 1993 and on May 17, 1993, respectively. On March 23, 1993, 202 days after the filing of the Complaint, Defendant's counsel filed a letter written to Plaintiff informing him that he was scheduled for deposition on June 18, 1993.

On March 24, 1993, 204 days after the Complaint was filed, the Marshal filed Form I, receipt of which was acknowledged by the Marshal on January 13, 1993, bearing the Marshal's notation "Can Not Serve A Warehouse". The Marshal had also written "Request Personal Service 3/8/93" in Form I's remarks section. Form I indicated the Defendant as "Publix Warehouse" and the name of the individual, company or corporation to be served as "Publix Warehouse" located at 1936 George Jenkins Blvd., Lakeland, FL 33801. In response to the Marshal's remark requesting personal service on March 8, 1993, which is 188 days after the filing of the Complaint, Plaintiff submitted a second Marshal's Form (USM 285) (hereinafter "Form II") indicating the Defendant as "Publix Warehouse (Box Meat Division)" and the name of the individual, company or corporation to be served as "Emery Morris, Jack Powell, Claus Lynn" whose address is 1936 George Jenkins Blvd., Lakeland, FL 33801. Said Form II was signed by the Plaintiff on April 7, 1993, thirty (30) days from the date of the request for personal service was written in Form I's remarks section and fourteen

(14) days after Form I was filed. Form II was never formally filed in the Clerk's Office nor was it ever delivered to the Marshal for service. Form II is contained in the Court file.

Defendant filed the motion presently under consideration on May 21, 1993, 262 days after the Complaint was filed, stating that Plaintiff's failure to comply with the time requirements for service mandated by Rule 4(j) entitles Defendant to a judgment as a matter of law. On May 28, 1993, this Court entered a scheduling order giving Plaintiff until July 1, 1993, to hire counsel and file a notice of appearance, and presuming Plaintiff to be proceeding *pro se* if said notice was not filed by that date. The order also gave either Plaintiff or his counsel through July 21, 1993 to respond to Defendant's pending motion for judgment on the pleadings.

On July 27, 1993, this Court issued an order to show cause why Defendant's motion for judgment on the pleadings, filed May 2, 1993, should not be granted. The order also informed Plaintiff that failure to timely respond would result in dismissal. Plaintiff filed a response to the show cause order on August 5, 1993, nine (9) days after the order was filed.

■ Regretfully, as indicated by the facts recited herein, the order permitting Plaintiff to proceed *in forma pauperis* was not entered until ninety-seven (97) days after Plaintiff filed the Complaint and 134 days had passed by the time the Marshal received a copy of the summons and Complaint. Plaintiff was relying on the Clerk and on the Marshal to effect service of process on Defendant, as Plaintiff, proceeding *in forma pauperis*, was entitled to do pursuant to 28 U.S.C. § 1915(c) and Federal Rule of Civil Procedure 4(c)(2)(B)(i). *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir.1990); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir.1990).

■ It is well established that a *pro se* plaintiff's ignorance of the law is no excuse for failing to effect service as required by Rule 4(j). *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988); *Bryant v. Rohr Industries, Inc.*, 116 F.R.D. 530, 531 (W.D.Wash. 1987). However, a court may grant some leniency to a *pro se* plaintiff who diligently pursues his claim so that his case is justly resolved on the merits and not disposed of on the basis of procedural technicalities. *D'Amario v. Russo*, 750 F.Supp. 560, 563 (D.R.I.1990); *Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D.Ill.1991). A *pro se* plaintiff may survive a motion for judgment on the pleadings for failure to comply with Rule 4(j) upon a showing of "good cause". *Kersh*, 851 F.2d 1509; *Bryant*, 116 F.R.D. 530. The Federal Courts have stated that "good cause" requires:

> *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required.

*Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985) (citations omitted) (emphasis in original). If a plaintiff fails to make any attempt at service within the 120–day period, it is likely that a court will find no showing of good cause. *D'Amario*, 750 F.Supp. at 563 (citations omitted). In any event, " 'good cause' determinations under Rule 4(j) 'entail discretionary conclusions by the district court that will not be disturbed absent an abuse of discretion.' " *Floyd v. United States*, 900 F.2d 1045, 1046 (7th Cir.1990) (citing *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir.1988).

■ The 120–day mandate imposed by Rule 4(j) was not meant to be enforced harshly or inflexibly. *Floyd*, 900 F.2d at 1049. "The harsh sanction of Rule 4(j) is appropriate to those cases in which non-service was the result of mere inadvertence. Where plaintiff has made a reasonable effort to serve defendant, Congress intended that the 120–day deadline be extended." *D'Amario v. Russo*, 750 F.Supp. 560, 563 (D.R.I.1990) (citing *Geller v. Newell*, 602 F.Supp. 501, 502 (S.D.N.Y.1984)). The rule was intended to be "a useful tool for docket management, not as an instrument of oppression." *Floyd*, 900 F.2d at 1049 (quoting

*United States v. Ayer,* 857 F.2d 881, 885–86 (1st Cir.1988)).

█ The dispositive question is thus whether "good cause" exists for Plaintiff's failure to effect service upon Defendant within the 120–day period or whether Plaintiff merely showed inadvertence toward effecting service upon Defendant. This Court again refers to certain dates set forth above to determine if Plaintiff has acted with diligence.

The order granting Plaintiff permission to proceed *pro se in forma pauperis,* which directed the Clerk to file all pleadings and the Marshal to serve process, both without prepayment of fees or costs, was entered on December 7, 1992, ninety-seven (97) days after the Complaint was filed. The Marshal received Form I and a copy of the Complaint and summons (hereinafter the "Process") for service upon Defendant on January 13, 1993, 134 days after the filing of the Complaint and thirty-seven (37) days from the entry of the December 7 order. Therefore, the 120–day period mandated by Rule 4(j) had passed by the time the Marshal received Form I and the Process. This is true even though Plaintiff mailed the Form I and the Process to the Clerk in a timely manner within thirty-seven (37) days of the entry of this Court's order on December 7, 1992.

Defendant filed its Answer on February 10, 1993, sixty-five (65) days following the entry of the December 7 order and twenty-eight (28) days after the Marshal received the Process. Thereafter, on March 23, 1993, 107 days after said order and seventy (70) days after the Marshal received the Process, the Marshal filed Form I which requested "personal service". On April 7, 1993, fifty-six (56) days after Defendant's Answer was filed and fourteen (14) days after the Marshal filed Form I, Plaintiff signed Form II which contained the names of the individuals upon which to effect personal service as requested by the Marshal in an attempt to correct any deficiencies that existed. This Court finds that such an attempt to effect service was timely on the part of Plaintiff.

Defendant, in his support of its motion for judgment on the pleadings, cites *Schnabel v. Wells,* 922 F.2d 726 (11th Cir.1991). In *Schnabel,* the court stated that the plaintiff was on notice when the defendant filed in his answer that sufficiency of process was at issue, and since the plaintiff made no attempt to inquire into the alleged deficiency or correct the deficient service, "dismissal without prejudice was mandated by Rule 4(j)." *Id.* at 728–29. Defendant then argues that the instant case is factually similar to *Schnabel* in that defendant here raised the issue of insufficiency of process and insufficiency of service of process in paragraph III of the Answer; as in *Schnabel* Plaintiff here made no attempt to inquire into or correct the alleged insufficiency.

Reliance on *Schnabel* is misplaced as that case is distinguishable from the case presently before this Court. The court in *Schnabel* stated that no showing of "good cause" was made in that case because the plaintiff made no attempt to correct the defective service or even inquire into the alleged deficiency even though more than two months remained of the 120–day period provided by Rule 4(j). While this Court agrees with Defendant that it did give Plaintiff notice of the insufficiency of service of process by raising the same as a defense in its Answer, this Court disagrees that Plaintiff made no attempt to inquire into the alleged deficiency or to correct the deficient service. To the contrary, as set forth above, Plaintiff responded to notice of deficient service of process as given by Defendant's Answer within fifty-six (56) days and as stated on Form I within fourteen (14) days of the form's filing. Therefore, this Court finds that Plaintiff was diligent in his attempts to correct any deficiency that existed in a timely manner.

Defendant also relies on *Kersh v. Derozier,* 851 F.2d 1509 (5th Cir.1988) in support of its motion. In *Kersh,* the *pro se* action was dismissed by the court after the plaintiff claimed that he did not realize that service was his responsibility and that he thought the clerk would handle it. The court held that the plaintiff's ignorance of Rule 4(j) did not constitute "good cause" thereby excusing non-compliance. As such, *Kersh* is also distinguishable from this case because, here, Plaintiff was not only aware of Rule 4(j) but also made good faith attempts to comply with

the rule and to follow the requirements this Court set forth in its orders. In this case, the fact that service was never effected was not the fault of Plaintiff and, unlike *Kersh*, Plaintiff took necessary steps in a timely manner to correct any deficiencies that existed in service.

The facts in this case as stated herein indicate that Plaintiff acted with diligence to comply with the requirements of Rule 4(j). Therefore, this court finds good cause to exist so as to Plaintiff's failure to effect service upon Defendant within the 120–day period. The failure to effect service within that time period was not solely the fault of Plaintiff. As the circumstances stated herein came together to create the problem of untimely service, this Court cannot penalize Plaintiff for failure to effect service within the 120–day mandated by Rule 4(j).

**ORDERED** that the motion for judgment on the pleadings for Plaintiff's failure to comply with the time requirements mandated by Rule 4(j) be **denied** and Defendant shall have five (5) days from the date of entry of this order to notify this Court whether Defendant:

1) waives service of process; or
2) agrees to accept service of process by mail; or
3) insists on personal service by the Marshal.