Alan S. LOWE, etc., Plaintiff,

v.

Dale F. HART, District Director, Charles F. Gear, Revenue Officer, Kathleen M. Bell, I.R.S. employee, Mary Heitger, I.R.S. employee, and John R. Rodgers, Rodger's Towing owner, in their individual capacities, Defendants.

No. 93–1421–Civ–J–20.

United States District Court,
M.D. Florida,
Jacksonville Division.

Sept. 21, 1994.

Alan S. Lowe, pro se.

David N. Geier, U.S. Dept. of Justice Tax Div., Washington, DC, for I.R.S.

David N. Geier, Ann Reid, U.S. Dept. of Justice Tax Div., Washington, DC, for Dale

F. Hart, Charles F. Gear, Kathleen M. Bell, Mary Heitger, John R. Rodgers.

### *ORDER*

SCHLESINGER, District Judge.

In the Court's May 25, 1994, Order (Doc. No. 45), the Court advised Plaintiff to respond to the Motion to Dismiss Defendants for Failure to Serve (Doc. No. 34). The Court warned Plaintiff that after June 7, 1994, the Court would take the Motion to Dismiss Defendants for Failure to Serve under advisement whether or not a response is filed, and that the disposition of this Motion may result in the dismissal of the case without any further proceeding. To date, Plaintiff has failed to respond to the Motion to Dismiss Defendants for Failure to Serve.

The Court finds that Defendants Hart, Gear, Heitger, and Bell have not been properly served in this action.

Returns of Service (Doc. No. 7) upon Defendants Hart, Gear, Heitger and Bell were filed January 4, 1994. The Return of Service for Dale F. Hart states:

> Defendant's home address and attorneys are unknown to me, therefore I did serve upon a competent person at Defendant's known place of work, the IRS office in the Federal Building Jacksonville a 16 page complaint and summons for case number 93–1421–Civ–J–20. Service was done upon Darlene J. Hartley (employee IRS) for Defendant Dale F. Hart.

The Return of Service for Charles F. Gear states:

> Defendant's home address and attorneys are unknown to me, therefore I did serve upon a competent person at Defendant's known place of work, the IRS office First Union Building Daytona, a 16 page complaint and summons for case number 93–1421–Civ–J–20. Service was done upon V. Tedford and Ms. Bland both IRS employees for Defendant Charles F. Gear.

The Return of Service for Mary Heitger states:

> Defendant's home address and attorneys are unknown to me, therefore I did serve upon a competent person at Defendant's

known place of work (the IRS office First Union Building Daytona) a 16 page complaint and summons for case number 93–1421–Civ–J–20. Service was made upon Ms. V. Tedford and Ms. Bland—both IRS employees, for Defendant Mary Heitger.

The Return of Service for Defendant Bell states:

> Defendant's home address and attorneys are unknown to me, therefore I did serve upon a competent person at Defendant's known place of work (the IRS office First Union Building Daytona) a 16 page complaint and summons for case number 93–1421–Civ–J–20. Service was made upon Ms. V. Tedford and Ms. Bland, both IRS employees, for Defendant Bell.

Each Defendant has, by sworn declaration, stated that they have not been served with process in this case. This action was commenced on October 21, 1993. Thus, Plaintiff had 120 days from this date to properly serve Defendants.

On April 22, 1993, the Supreme Court entered an Order stating that:

> the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 1993, and shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending.

■ Thus, the new rules apply in pending proceedings only if it is just and practicable to apply them. The Court finds it "just and practicable" to apply the new Federal Rules of Civil Procedure in this case since Defendants were purportedly served after December 1, 1993, the effective date of the amendments to the Federal Rules of Civil Procedure. However, the Court would reach the same result if the old rules were used.

■ First, the Court will address Defendants' contention that, pursuant to Rules 4(i)(1) and (2) of the Federal Rules of Civil Procedure, since this action is against federal officers, albeit in their individual capacity, the action is based upon their conduct as federal officers and therefore the United States must also be served with process. The Eleventh Circuit has not yet addressed

this issue. Nevertheless, the Court finds that Rule 4(i) does not apply when an officer is being sued in his or her individual capacity.

In the instant action, Plaintiff is suing Hart, Gear, Heitger and Bell in their individual capacities.[1] A plaintiff suing a federal employee in his or her individual capacity, rather than the governmental agency or entity employing the individual, is required to make personal service of process. *See Robinson v. Turner,* 15 F.3d 82, 84 (7th Cir. 1994). Thus, Plaintiff must serve these Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. In individual capacity lawsuits, "the usual procedure for service on individuals set out elsewhere in Rule 4 apply, and [Rule 4(i) ] need [not] be consulted." *Robinson,* 15 F.3d at 85 (quoting Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1107 at 163 (1987); *see Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436 (10th Cir.1994); *Johnston v. Horne,* 875 F.2d 1415, 1424 (9th Cir.1989); *Micklus v. Carlson,* 632 F.2d 227 (3d Cir.1980); James W. Moore *et al.,* Moore's Federal Practice § 4.29 at 4–240–41 (1986). Thus, the issue of whether the United States was served is irrelevant to the analysis of whether Bell, Gear, Hart and Heitger in their individual capacities were properly served.

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service needed to have been made upon Defendants Bell, Gear, Hart and Heitger, in their individual capacities, either "pursuant to the law of the state in which the district court is located, or in which service is effected," or "by delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e)(1) and (2).

Service was attempted on Defendants Bell, Gear, Hart and Heitger by leaving the summons and complaint with someone at their place of business. Defendants Bell, Gear, Hart and Heitger have each stated in their sworn declarations that they have not authorized any individual to accept service of process on their behalf. Thus, Defendants were not served pursuant to Rule 4(e)(2).

Next, the pursuant to Rule 4(e)(1), the Court needs to look at how service may be effected in the State of Florida. Florida Statute § 48.031 provides:

(1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents

.    .    .    .    .

(2)(b) Substitute service may be made on an individual doing business as a sole proprietorship at his place of business, during regular business hours, by serving the manager of the business if one or more attempts to serve the owner have been made at the place of business....

Thus, Plaintiff has failed to properly serve Defendants pursuant to Florida Statute § 48.031. The record does not reflect that Defendants waived personal service, tried to evade service, or that Defendants gave anyone authority to accept process for them. Substituted service of process at Defendants' office does not comply with the applicable statutory provisions. *See Stoeffler v. Castagliola,* 629 So.2d 196 (Fla.Dist.Ct.App.1993), *review denied,* 639 So.2d 976 (1994); *Hauser v. Schiff,* 341 So.2d 531 (Fla.Dist.Ct.App. 1977).

Rule 4(m) of the Federal Rules of Civil Procedure requires the dismissal of an action if the plaintiff fails to serve the complaint within 120 days after it is filed and does not show good cause for failing to com-

---

1. The claims against Hart, Gear, Heitger and Bell in their official capacities were dismissed by this Court in the Order (Doc. No. 45) dated May 25, 1994.

ply with this 120–day requirement.[2] *See Cooper v. Associates Financial Svcs. Co.,* 971 F.2d 640, 641 (11th Cir.1992); *see also Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991) ("the complaint must be dismissed"); *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (dismissal without prejudice was mandated by Rule 4(m)). "To this effect, the federal rules and the Eleventh Circuit cases are unequivocal that an action must be dismissed unless 'good cause' is shown." *Cox v. Arizona League of Professional Baseball Clubs, Inc.,* 151 F.R.D. 436, 437 (M.D.Fla.1993).

"Good cause" requires

at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified' is normally required.

*Williams v. Publix Warehouse,* 151 F.R.D. 428, 430 (M.D.Fla.1993) (citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985)).

■ It is clear and undisputed that Plaintiff did not effectuate service of process within 120 days after filing the Complaint. "It is well established that a *pro se* plaintiff's ignorance of the law is no excuse for failing to effect service...." *Williams,* 151 F.R.D. at 430 (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988); *Bryant v. Rohr Industries, Inc.,* 116 F.R.D. 530, 531 (W.D.Wash. 1987)). A *pro se* plaintiff must show "good cause" in order to avoid dismissal for failure to timely serve the Complaint. *See Williams,* 151 F.R.D. at 430 (citing *Kersh,* 851 F.2d at 1509).

Being confused and uninformed with regard to the rule governing service is not "good cause." Plaintiff's *pro se* status does not entitle him to more lenient scrutiny. "There can be no lenient exception granted for a Plaintiff's failure to comply with the formal Rules of Civil Procedure," even when the plaintiff is *pro se. Sanders v. Fluor Daniel, Inc.,* 151 F.R.D. 138 (M.D.Fla.1993).

There is no exception to the 120–day rule solely because Plaintiff is proceeding *pro se.* In *Kersh v. Derozier,* 851 F.2d 1509 (5th Cir.1988), the Court held that a *pro se* civil rights plaintiff's lack of knowledge of service procedures did not constitute good cause for failing to perfect service within 120 days. "[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law ... To hold that a *pro se* litigant's ignorance of [the Rules] excuses his compliance with the [Rules] would automatically excuse his failure to serve his defendants timely." *Id.* at 1512. "To hold that complete ignorance of Rule 4 ... constitutes good cause for untimely service would allow the good cause exception to swallow the Rule." *Townsel v. County of Contra Costa,* 820 F.2d 319, 320 (9th Cir.1987).

Accordingly, the Court being of the opinion that Plaintiff has not shown good cause for his failure to properly effect service within 120 days of the filing of the Complaint as provided by Rule 4(m), it is **ORDERED AND ADJUDGED:**

(1) Motion to Dismiss Defendants for Failure to Serve (Doc. No. 34) is **GRANTED;**

(2) Motion for Judgment by Default for Want of Answer Against Defendant, Dale F. Hart in The Individual Capacity (Doc. No. 25) is **DENIED;**

(3) Motion for Judgment by Default for Want of Answer Against Defendant, Mary Heitger in The Individual Capacity (Doc. No. 26) is **DENIED;**

(4) Motion for Judgment by Default for Want of Answer Against Defendant, Kathleen M. Bell in The Individual Capacity (Doc. No. 27) is **DENIED;**

---

**2.** Rule 4(m) of the Federal Rules of Civil Procedure (previously Rule 4(j)) provides, in part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

(5) Motion for Judgment by Default for Want of Answer Against Defendant, Charles F. Gear in The Individual Capacity (Doc. No. 28) is **DENIED;**

(6) Plaintiff's Motion for Default Against These Named Defendants in Their Individual Capacity With Respects to The "Response by Defendants Bell, Gear, Hart and Heitger to Court's Standard Interrogatories" (Doc. No. 46) is **DENIED;**

(7) This case is **DISMISSED WITHOUT PREJUDICE** against Defendants Kathleen M. Bell, Charles F. Gear, Dale F. Hart and Mary Heitger, in their individual capacities;

(8) The Motion to Continue Final Pre-Trial Conference (Doc. No. 61–1) is **DENIED;**

(9) The Motion to Remove Case From Trial Calendar (Doc. No. 61–2) is **DENIED;**

(10) The only Defendant left is John Rodgers. Currently pending is the Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. No. 59, filed September 9, 1994). Since Plaintiff is appearing *pro se,* he should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, Federal Rules of Civil Procedure, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. In that event, there will be no evidentiary hearing, and the case will be terminated in this Court.

Plaintiff shall have up to and including **October 3, 1994,** to file any supplemental response to the motion for summary judgment, or to notify the Court he does not intend to file a supplemental response. Thereafter, the motion will be taken under advisement by the Court and an order entered thereon without further notice. Plaintiff is again warned that after **October 3, 1994,** an order could result in the case being terminated without any further proceedings.

**DONE AND ENTERED.**