[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-14945
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 24, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-01115-CV-J-25TEM

EARL WILLIAMS, JR.,

                                                        Plaintiff-Appellant,

versus

STEVE ROBBINS, General Counsel,
STEVE WALLACE,
BARBARA DARBY,
ELAINE TISDALE,
RALPH DANIELS,

                                                        Defendants,

FLORIDA COMMUNITY COLLEGE AT JACKSONVILLE,
HOWARD ROEY, in an individual capacity,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(October 24, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Earl Williams, Jr., an African-American man proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Florida Community College of Jacksonville ("FCCJ") and Howard Roey, Williams's former baseball coach at FCCJ. The district court dismissed Williams's complaint for failure to state a claim and failure to perfect service. On appeal, Williams generally argues that the district court erred by granting FCCJ's motion for summary judgment and dismissing his case. The district court, however, did not rule on FCCJ's motion for summary judgment. Instead, the district court (1) granted FCCJ's motion to dismiss William's amended complaint, and (2) dismissed without prejudice, sua sponte, Williams's case against Roey. In his initial brief, aside from his contention that his case was not frivolous, given the fact that we granted his motion to proceed in forma pauperis ("IFP"), Williams makes no specific arguments, cites no law, and fails to point to any evidence in support of his appeal. In his reply brief, Williams specifically asserts that the district court abused its discretion by dismissing his case as to Roey on account of his failure to perfect service. Given Williams's pro se status and a liberal construction of his pleadings, we will address only whether or not the district court erred by (1)

2

granting FCCJ's motion to dismiss Williams's amended complaint, and (2) dismissing, <u>sua sponte</u>, William's case against Roey. <u>See</u> <u>McBride v. Sharpe</u>, 25 F.3d 962, 971 (11th Cir. 1994) (stating that we construe <u>pro se</u> briefs liberally).

We review the district court's grant of a motion to dismiss <u>de novo</u>, accepting all allegations in the complaint as true and construing the facts in a light most favorable to the plaintiff. <u>Harper v. Thomas</u>, 988 F.2d 101, 103 (11 Cir. 2001). A complaint should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief. <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1022 (11th Cir. 2001) (<u>en banc</u>) (internal quotations and citation omitted).

The Eleventh Amendment provides that states may not be sued by their own citizens or citizens of other states. U.S. Const. Amend. XI; <u>see also</u> <u>Board of Trustees of the University of Alabama v. Garrett</u>, 531 U.S. 356, 363, 121 S.Ct. 955, 961-62, 148 L.Ed.2d 866 (2001). This immunity also extends to state agencies and "other arms of the state," even though "a state is not named as a party of record." <u>Schopler v. Bliss</u>, 903 F.2d 1373, 1378 (11 Cir. 1990). However, a state is not immune under the Eleventh Amendment if it has consented to suit or waived its immunity. <u>Atascedero State Hosp. v. Scanlon</u>, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). Additionally, a state is not immune

3

where Congress has abrogated the state's immunity by (1) unequivocally expressing its intent to abrogate the immunity, through a clear legislative statement, and (2) acting pursuant to a valid exercise of power. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000). Florida has not waived its Eleventh Amendment immunity from suit under § 1983, Gamble v. Florida Department of Health and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986), and Congress has not abrogated a state's Eleventh Amendment immunity for claims brought pursuant to § 1983, Schopler, 903 F.2d at 1379 n.4.

Because the state of Florida has not waived its immunity to § 1983 actions, and Congress has not abrogated the state's immunity with respect to suits brought pursuant to § 1983, the district court did not err by dismissing Williams's amended complaint as to FCCJ, an arm of the state, for failure to state a claim upon which relief could be granted.

We review for an abuse of discretion the district court's dismissal of a complaint for failure timely to serve the summons and complaint. Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993) (holding such in the context of former Fed.R.Civ.P. 4(j), which was replaced by current Fed.R.Civ.P. 4(m)). Rule 4(m) provides that:

4

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). We have held that, where a plaintiff fails to perfect service of process within the 120-day period, dismissal is mandatory unless the plaintiff can show good cause. Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) (interpreting the 120-day period as it appeared in Fed.R.Civ.P. 4(j)).

Because Williams failed to perfect service upon defendant Roey within 120 days of filing his complaint, as required by Fed.R.Civ.P. 4(m), the district court did not abuse its discretion by dismissing, sua sponte, Williams's amended complaint as to Roey without prejudice. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Williams's request for oral argument is denied.

5