**Joseph T. PRISCO, Plaintiff–Appellant,**

v.

**Anthony M. FRANK, Postmaster General U.S. Postal Service, Defendant–Appellee.**

No. 90–5637
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 19, 1991.

Mark A. Cullen, West Palm Beach, Fla., for plaintiff-appellant.

Joan C. Goodrich, U.S. Postal Service, Office of Labor Law, Washington, D.C., Laurie E. Rucoba, Asst. U.S. Atty., Fort Lauderdale, Fla., Anne M. Hayes, Linda Collins Hertz, Miami, Fla., for defendant-appellee.

Before KRAVITCH, COX and DUBINA, Circuit Judges.

PER CURIAM:

Appellant mailed a discrimination complaint against the U.S. Postal Service to the U.S. Attorney's office. Appellee alleges the complaint was defectively served because it was mailed rather than delivered to the U.S. Attorney's office, as is required under Fed.R.Civ.P. 4(d)(4). We agree and affirm the district court's dismissal of the complaint.

Appellant was an employee of the U.S. Postal Service. In a suit filed May 22, 1989 in federal district court, he alleged that his dismissal from employment in August 1985 violated federal discrimination laws. The next day he sent a copy of the summons and complaint by certified mail to the Postmaster General, the U.S. Attorney General, and the Office of the United States Attorney for the Southern District of Florida. In a letter dated June 2, 1989, the AUSA assigned to the case informed appellant

that service by mail rather than delivery did not comply with Fed.R.Civ.P. 4(d)(4), and she mailed the summons and complaint back. On September 27, 1989, the Postmaster General moved to dismiss the complaint based on failure of service within 120 days under Fed.R.Civ.P. 4(j). On October 13, 1989, appellant personally served the complaint to the U.S. Attorney's office, 144 days after the complaint was filed. The district court granted the Postmaster's motion after concluding that appellant had not complied with Rule 4(d)(4) and had not shown cause for failure to comply under Rule 4(j).

Rule 4(d)(4) requires plaintiffs to serve copies of a summons and complaint upon "the United States, by *delivering* a copy of the summons and of the complaint to the United States attorney for the district in which the action was brought" or to an assigned agent. Rule 4(d)(4) [emphasis added]. Plaintiff must also send copies "by registered or certified mail" to the U.S. Attorney General in Washington, D.C. *Id.* We agree with appellee that the rule's textual distinction between mailing and delivering should be strictly respected and that mailing copies to the U.S. Attorney's office is insufficient. *See Rodriguez v. Tisch,* 688 F.Supp. 1530, 1531 (S.D.Fla.1988); *Katz v. United States,* No. 88–8323–CIV, 1988 U.S. Dist. LEXIS 16589 (S.D.Fla. 1988); *see also Whale v. United States,* 792 F.2d 951, 953 (9th Cir.1986). As the district court pointed out, strict adherence to Rule 4(d)(4) is supported by the fact that a more liberal rule allowing service to the U.S. Attorney by mail has been proposed, but not enacted. *See* Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure, 102 F.R.D. 425 (1985) (copies may be delivered or mailed). When the plaintiff has failed to properly serve the U.S. Attorney, the complaint must be dismissed. *See Frasca v. United States,* 921 F.2d 450, 453 (2d Cir.1990); *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir. 1987).

Appellant argues in the alternative that improper service may be excused for "good cause" under Rule 4(j) if cured after 120 days of filing. He argues that misplaced files prevented earlier delivery. However, courts have found "good cause" under Rule 4(j) only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service. *See, e.g., Jordan v. United States,* 694 F.2d 833 (D.C.Cir.1982). In this case, appellant had files sufficient to allow a mailed complaint the day after filing and was informed months before the 120–day deadline. Therefore, no cause is established and the district court properly dismissed the case.

AFFIRMED.