**In re Tom C. COOPER and, Associates Financial Services Company, Inc., Petitioners.**

No. 92-2758.

United States Court of Appeals, Eleventh Circuit.

Aug. 18, 1992.

Sylvia H. Walbolt, James R. Wiley, Cathleen G. Bell, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla. (Janet S. Rasch, Sr. Atty., Associates Corp. of North America, Dallas, Tex., of counsel), for petitioners.

Robert G. Walker, Holloway & Walker, Clearwater, Fla., for appellees.

Before TJOFLAT, Chief Judge, BIRCH and DUBINA, Circuit Judges.

---

BY THE COURT:

The petition for a writ of mandamus is GRANTED. The district court is DIRECTED to dismiss this action pursuant to Fed. R.Civ.P. 4(j).

■ The complaint in this employment discrimination suit was filed on November 27, 1991. The plaintiffs indisputably failed to serve the complaint on the defendants within the 120 days allowed by the federal rules. *See id.* Accordingly, dismissal was required unless the plaintiffs demonstrated "good cause." *Id.* The district court not only ruled that the plaintiffs failed to demonstrate good cause, but explicitly found "neglect[ ]" on the part of the plaintiffs. District Court Order of July 28, 1992, at 2. Moreover, the district court stated that the plaintiffs had shown a "repeated disregard for timely prosecution of [their] claims." *Id.* at 3. Therefore, the district court was required to dismiss the action. The federal rules and the Eleventh Circuit cases are unequivocal on this point. Fed.R.Civ.P. 4(j) ("the action *shall be dismissed*"); *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991) (per curiam) ("the complaint *must be dismissed*"); *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (*"dismissal is mandatory* ... unless good cause is shown"); *id.* at 729 ("dismissal without prejudice *was mandated* by Rule 4(j)) (all emphasis added).

Despite finding a clear Rule 4(j) violation, the district court denied the defendants' motion to dismiss "in the interest of justice." District Court Order of July 28, 1992, at 3. This ruling was flatly inconsistent with the federal rules and with binding Eleventh Circuit precedent. Under the mandatory language of *Prisco* and *Schnabel,* a district court has no discretion to salvage an action once the court has found a violation of Rule 4(j) and a lack of good cause. *Prisco,* 929 F.2d at 604; *Schnabel,* 922 F.2d at 728–29. Accordingly, the court's denial of the motion to dismiss was clear error.

■ Mandamus is appropriate in this case because the district court committed a clear abuse of discretion by exceeding the limits of its judicial power. *In re Fink,* 876

F.2d 84, 84 (11th Cir.1989) (per curiam); *In re Paradyne Corp.,* 803 F.2d 604, 612 (11th Cir.1986) (per curiam). Specifically, mandamus lies because the district court violated the federal procedural rules by purporting to exercise discretion that it did not have. *SEC v. Krentzman,* 397 F.2d 55, 59 (5th Cir.1968); *In re Watkins,* 271 F.2d 771, 775 (5th Cir.1959); *see also In re Smith,* 926 F.2d 1027, 1030 (11th Cir.1991) (per curiam) (granting mandamus because the district court disapproved settlement when "it had no discretion to do so"). Furthermore, we find that the defendants have established that they have no other adequate remedy. *See Paradyne Corp.,* 803 F.2d at 612. The only conceivable alternative remedy—inevitable reversal by this court after the defendants have been forced to endure full discovery, full litigation, and a full trial—is "scarcely ... adequate." *Watkins,* 271 F.2d at 775.