**Theresa COX, Plaintiff,**

v.

**The ARIZONA LEAGUE OF PROFESSIONAL BASEBALL CLUBS, INC.; Umpire Development Board; Umpire Development Program; National Association of Professional Baseball Leagues, Inc.; National League of Professional Baseball Clubs; American League of Professional Baseball Clubs; Al Barlick, Defendants.**

**No. 92–1661–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 5, 1993.

Bernard C. O'Neill, O'Neill, Chapin, Marks, Liebman, Popper & Cooper, Orlando, FL, Daniel R. Shulman, Law Office of Daniel R. Shulman, P.A., Minneapolis, MN, for plaintiff.

Theresa Cox, pro se.

Peter Wolfson Zinober, Zinober & McCrea, P.A., Tampa, FL, Harold C. Hay, Cheryl R. Saban, Paul, Hastings, Janofsky & Walker, Costa Mesa, CA, Cheryl R. Saban, Paul, Hastings, Janofsky & Walker, New York City, for defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants', ARIZONA LEAGUE OF PROFESSIONAL BASEBALL and UMPIRE DEVELOPMENT PROGRAM, Motion to Dismiss for Plaintiff's failure to serve the summons and complaint within 120 days after filing suit, as required by Rule 4(j), Fed.

R.Civ.P., filed July 6, 1993. Plaintiff's response thereto was filed July 23, 1993.

### FACTS

Plaintiff's original complaint was filed *pro se* on October 20, 1992. On April 6, 1993, Plaintiff, acting *pro se*, motioned this Court for an extension of time to continue prosecution, to which this Court, on April 7, 1993, granted Plaintiff a sixty (60) day extension. By April 26, 1993 Plaintiff obtained counsel in Minneapolis, nearly six (6) weeks before the extended deadline. However, Plaintiff's counsel delayed obtaining local counsel until June 2, 1993.

Plaintiff's counsel were aware of this Court's time extension, and were thus aware of the imminent June 7, 1993 deadline. Yet, Plaintiff's Minneapolis counsel waited until June 3, 1993 to mail a letter by common carrier to Defendants, requesting that Defendants accept service by mail. Defendants responded in a letter dated June 8, 1993, wherein Defendants' counsel stated:

> "If you could provide me that information in writing, I will promptly advise you whether the BOUD and the Arizona League will accept service by mail (**without waiving any rights regarding the timeliness of the service.)**"

Accordingly, Plaintiff supplied the requested information in a letter dated June 14, 1993.

Defendants then filed, on July 6, 1993, the Motion to Dismiss presently before this Court.

### DISCUSSION

█ Rule 4(j), Fed.R.Civ.P. requires the dismissal of an action if the plaintiff fails to serve the complaint within 120 days after it is filed and does not show good cause for failing to comply with this 120–day requirement. *Cooper v. Associates Financial Svcs. Co.*, 971 F.2d 640, 641 (11th Cir.1992); Fed.R.Civ.P. 4(j) ("the action *shall be dismissed*"); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991) ("the complaint *must be dismissed*"); *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir.1991) ("dismissal without prejudice *was mandated* by Rule 4(j)) (all emphasis added). To this effect, the federal rules and the Elev-

enth Circuit cases are unequivocal that an action must be dismissed unless "good cause" is shown. Rule 4(j) more fully states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, **the action shall be dismissed** as to that defendant without prejudice ...

It is clear and undisputed that Plaintiff did not effectuate service of process within 120 days after filing the complaint, nor was service effectuated during the sixty (60) day extension granted by this Court on April 7, 1993, such that Plaintiff had not served process on Defendants by June 7, 1993. Therefore, in order for Plaintiff to avoid dismissal of her action for failure to effect service on Defendants in compliance with Fed.R.Civ.P. 4(j), Plaintiff must demonstrate "good cause" for having failed to comply by June 7, 1993.

Plaintiff argues, in her Memorandum in Opposition to Motion to Dismiss, that said motion should be denied because good cause exists for Plaintiff's not serving the summons and complaint within 120 days of commencing this action. Plaintiff, citing *Zankel v. United States*, 921 F.2d 432, 437–38 (2d Cir. 1990), argues that good cause exists for noncompliance with the 120 day rule where defendants themselves are responsible for the noncompliance and have misled the plaintiff into delaying service. However, the present Defendants were *not* responsible for Plaintiff's noncompliance. There was no effort made by Defendants to ensure Plaintiff would fail to comply with the requirements of timely service, particularly in light of Plaintiff's continual delays to take active steps toward obtaining proper service, until literally 'the eleventh hour' when Plaintiff mailed, by common carrier, not fax, a letter dated June 3, 1993 *requesting* Defendants to accept service by mail. Clearly, time was of the essence and the time for *requesting* acceptance of service was past; rather, it was Plaintiff's responsibility to actively secure proper service. Additionally, Defendants explicitly stated in their response letter that they were unwilling to waive any rights regarding timeliness of service. This should have been adequate warning to Plaintiff that the most expedient method of service should be sought, particularly in light of the impending June 7, 1993 deadline.

Plaintiff's assertion of evasion of service is unfounded and unsubstantiated, thus, clearly not constituting 'good cause' for not completing service.

Plaintiff also asserts that although Plaintiff's "acting *pro se* is not an excuse in and of itself, it is a factor" to which courts give considerable weight. *Gagliardi v. United States*, 788 F.Supp. 870 (W.D.Pa.1991). However, Plaintiff has admittedly been represented by counsel in Minneapolis since April 26, 1993, almost six weeks prior to the June 7th extended deadline. Even so, there is no exception to the 120–day rule solely because the litigant proceeded *pro se* during the initial stages of suit. In *Kersh v. Derozier*, 851 F.2d 1509 (5th Cir.1988), the Court held that a *pro se* civil rights plaintiff's lack of knowledge of service procedures did not constitute good cause for failing to perfect service within 120 days. The Court cited to *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir.1987) stating that "to hold that complete ignorance of Rule 4(j) constitutes good cause for untimely service would allow the good cause exception to swallow the Rule." Regardless, Plaintiff *was* represented by counsel six (6) weeks prior to expiration of the time deadline.

Plaintiff further asserts, citing *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir. 1982), that a factor counseling against dismissal is where a dismissal "signals the demise of all or some of the Plaintiff's claims." However, such counsel against dismissal is not to be given too much weight such that it provides a haven and excuse for lackadaisical prosecution. To this effect, the Eleventh Circuit has affirmed Rule 4(j) dismissals when the statute of limitations had run. In *Schnabel v. Wells*, 922 F.2d 726 (11th Cir. 1991), the Court found that dismissal was mandatory where there was no showing of good cause made for failure to perfect service within 120 days of filing the complaint, regardless that the statute of limitations had expired, so that reinstatement of the action

was barred. Circuit Courts have uniformly determined that Rule 4(j) makes no exception for cases where refiling would be time-barred. As stated in *Smith v. Pennsylvania Glass Sand Corp.*, 123 F.R.D. 648, 650 (N.D.Fla.1988), "Congress intended Rule 4(j) to apply in all civil cases, not just in those where the plaintiff can safely suffer the dismissal and go on to refile his complaint." In *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985), the Court dismissed, under Rule 4(j), a Title VII case even though it was then time-barred.

Therefore, the Defendants, UMPIRE DEVELOPMENT PROGRAM and the ARIZONA LEAGUE OF PROFESSIONAL BASEBALL CLUBS, having moved to dismiss Plaintiff's complaint for failure to make service within the time limits of Fed.R.Civ.P. 4(j), and the matter having been considered by the Court, this Court is of the opinion that Plaintiff has not shown "good cause" for Plaintiff's failure to make service within 120 days as provided by Rule 4(j) and as such Defendants' motion should be granted. Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss be **GRANTED** and this case be **dismissed.**

   **DONE AND ORDERED.**