In re Multidistrict Litigation Concerning AIR CRASH DISASTER NEAR BRUNSWICK, GEORGIA APRIL 4, 1991.

This Document Relates To:

James H. POTTS, III; Diane Potts Roberts; and George E. Glaze, as personal representative of the estate of Jackie S. Potts, deceased;

v.

ATLANTIC SOUTHEAST AIRLINES, INC.; Embraer–Empresa Brasileira De Aeronautica, S.A.; Emraer Aircraft Corporation; United Technologies Corporation; and Pratt & Whitney Canada, Inc.

No. 1:92–CV–1978–WCO.
MDL No. 930.
Civ. No. 1:93–CV–663–WCO.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 23, 1994.

Kirby Allen Glaze, Glaze, Glaze & Fincher, Jonesboro, GA, for plaintiffs.

John Arthur Mozley, Mozley, Finlayson & Loggins, Atlanta, GA, for defendant Atlantic Southeast Airlines, Inc.

Joseph Claude Freeman, Jr., Freeman & Hawkins, Atlanta, GA, Stephen B. Stegich, III, Condon & Forsyth, New York City, for defendant Embraer--Empresa Brasileira de Aeronautica, S.A.

Thomas J. Strueber, Lord, Bissell & Brook, Atlanta, GA, Francis H. Morrison, III, Day, Berry & Howard, Hartford, CN, for defendants United Technologies Corp. and Pratt & Whitney Canada, Inc.

## ORDER

O'KELLEY, Chief Judge.

The captioned case is before the court on various motions of the parties. These motions include the following: (1) plaintiffs' motion for enlargement of the time period to serve process under Fed.R.Civ.P. 4(j)[1] [30–1]; (2) the cross-motion by defendants United Technologies Corporation (hereinafter "UTC") and Pratt & Whitney Canada, Inc. (hereinafter "PWC") for summary judgment [27–1]; (3) defendant Embraer Aircraft Corporation's (hereinafter "EAC") cross-motion for judgment on the pleadings [30–1]; and (4) motion by defendants UT and PWC for leave to file supplemental memorandum in support of their cross-motion for summary judgment [42–1]. These motions are now ripe for decision by the court. The court considers these motions below.[2]

### FACTUAL BACKGROUND

On April 5, 1991, Atlantic Southeast Airlines (hereinafter "ASA") flight 2311 crashed while approaching Glynco Jetport in Brunswick, Georgia. Twenty-three individuals, including Ms. Jackie Potts, died in the accident.

Within a few weeks of the accident, the plaintiffs retained counsel to represent their interests in any potential litigation arising from the accident. The plaintiffs' attorneys did not file a complaint, however, until March 29, 1993. The applicable statute of limitations in this case was scheduled to expire on April 4, 1993.

*Defendants UTC and PWC*

After the complaint was filed, on April 7, 1993, the defendant obtained a summons directed at UTC. This summons, a Notice and Acknowledgment form and a copy of the complaint was sent to UTC's registered agent on April 8, 1993 pursuant to Federal Rule of Civil Procedure 4(c)(2)(C)(ii). UTC did not acknowledge this attempt at service.

Further, on April 8, 1993, plaintiffs obtained a summons directed to defendant PWC's attorney of record, Thomas J. Streuber. This summons, a Notice and Acknowledgment form and a copy of the complaint was sent by certified mail to Mr. Streuber pursuant to Rule 4(c)(2)(C)(ii). PWC did not acknowledge this attempt at service.

On April 12, 1993, plaintiffs obtained another summons directed to "Pratt & Whitney Canada, Inc., Thomas J. Streuber." This summons was mailed to Mr. Streuber without a copy of the complaint or a Notice and Acknowledgment form. As before, PWC did not respond to this attempt at service.

On April 30, 1993, defendants UTC and PWC filed their respective answers. In both documents, the seventh affirmative defense explicitly notified plaintiffs that defendants contended the plaintiffs' claims were barred by the applicable statute of limitations. In each of their fifth and sixth affirmative defenses, the defendants explicitly contended that the plaintiffs had not effected proper service upon them. Further, on June 4, 1993, in their separate responses to Local Mandatory Interrogatories, defendants UTC and PWC again notified the plaintiffs of their contention that plaintiffs had failed to effect service upon them and that plaintiffs' claims were barred by the statute of limitations.

On November 3, 1993, plaintiffs obtained additional summonses directed at UTC and PWC. On November 4, 1993, plaintiffs delivered a copy of the March 29, 1993 complaint and the November 3, 1993 summons to UTC's registered agent. On November 8, 1993, plaintiffs mailed a copy of the March 29, 1993 complaint and the November 3, 1993 summons to "Pratt & Whitney Canada, Inc." in Montreal, Canada.

---

**1.** Plaintiffs originally moved the court for an enlargement of time in order to serve process under Federal Rule of Civil Procedure 4(j). Because Rule 4 was recently amended, however, the language of former subsection 4(j) is now contained in subsection 4(m).

**2.** The court notes that plaintiffs' motion for enlargement of time essentially addresses the same issues as defendant EAC's motion for judgment on the pleadings and defendants UTC's and PWC's motion for summary judgment. Therefore, the court will directly address the defendants' motions with the result of plaintiffs' motions being determined by the treatment of the defendants' motions.

Thereafter, UTC and PWC each timely filed another answer and again notified plaintiffs of their contention that plaintiffs had failed to effect proper service upon defendants. Approximately two months later, the plaintiffs filed their instant motion for an extension of time to effect service. At the current time, there is no evidence in the record that the plaintiffs have effected proper service on the defendants.

*Defendant EAC*

Defendant EAC was also named in plaintiffs' complaint that was filed on March 29, 1993. The plaintiffs obtained a summons directed to EAC on April 7, 1993. Plaintiffs then attempted to serve EAC by mail pursuant to Rule 4(c)(2)(C)(ii). EAC received a copy of the summons and complaint on or about April 9, 1993 but did not acknowledge service.

Thereafter, EAC filed a timely answer on May 3, 1993. EAC explicitly raised the issue of insufficient service of process in its answer. Finally, on November 18, 1993, an officer at EAC was personally served with the plaintiffs' complaint.

## STANDARD OF REVIEW

*Judgment on the Pleadings*

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "should be granted only where there are no material issues of fact and the moving party is entitled to judgment as a matter of law." *Thomason v. Mitsubishi Elec. Sales America, Inc.,* 701 F.Supp. 1563, 1568 (N.D.Ga.1988) (citing *Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir.1973) (per curiam)). "When considering a motion for judgment on the pleadings, all allegations of fact contained in the complaint are assumed to be true." *Id.* (citing *Cash v. Comm'r of Internal Revenue,* 580 F.2d 152, 154, app. (5th Cir.1978) (per curiam)). "A motion for judgment on the pleadings 'admits the plaintiff's factual allegations and impels the district court to reach a legal conclusion based on those facts.'" *Dozier v. Professional Found. for Health Care, Inc.,* 944 F.2d 814, 816 n. 3 (11th Cir.1991) (citation omitted).

*Summary Judgment*

Summary judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Where supporting or opposing affidavits are used, the

> affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed.R.Civ.P. 56(e). Because the procedure deprives the parties of a trial on the issues, the court must be careful to ensure that only those claims for which there is no need for a factual determination as to any material fact are disposed of by summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In addition, a court evaluating a summary judgment motion must view the evidence in the light most favorable to the non-movant. *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988); *Tippens v. Celotex Corp.,* 805 F.2d 949, 953 (11th Cir.1986), *reh'g denied,* 815 F.2d 66 (11th Cir.1987). To survive a motion for summary judgment, the non-moving party need only present evidence from which the trier of fact might return a verdict in his favor. *Samples,* 846 F.2d at 1330. However, Rule 56, "[b]y its very terms, ... provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). The materiality of facts is governed by the substantive law. *Id.* at 248, 106 S.Ct. at 2510. A dispute is genuine if the evidence is such that the factual issues "may

reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

Consideration of a summary judgment motion does not lessen the burden on the non-moving party: the non-moving party still bears the burden of coming forth with sufficient evidence on *each element* that must be proved. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir.1990) (emphasis in original); *see Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. "If on any part of the prima facie case there would be insufficient evidence to require submission of the case to the jury, [the court] must ... grant ... summary judgment for the defendant." *Earley,* 907 F.2d at 1080 (citations omitted). In *Earley,* the Eleventh Circuit further emphasized:

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.... Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.... In such circumstances, there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.... If the evidence is *merely colorable,* or is *not significantly probative,* summary judgment may be granted.

*Id.* (emphasis in original) (citations omitted).

*Plaintiff's Motion for Enlargement of Time*

Because plaintiffs have requested separate relief against defendant Embraer–Empresa Brasileira de Aeronautica, S.A. (hereinafter "Embraer"), the court first addresses this portion of plaintiffs' motion.[3] The plaintiffs have moved the court for "the costs of service from [Embraer] ... pursuant to Federal Rule of Civil Procedure 4(c)(2)(D)," which permits recovery of costs for effecting personal service if receipt by mail pursuant to

Federal Rule of Civil Procedure 4(c)(2)(C)(ii) is not acknowledged within twenty days after mailing.

■ Defendant Embraer has responded in opposition to this request. The basis of defendant's opposition is the fact that defendant has timely answered the plaintiffs' complaint without contesting sufficiency of service. Federal Rule of Civil Procedure 12(h)(1) specifically provides that "[a] defense of ... insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading...." Fed.R.Civ.P. 12(h)(1). Because defendant did not raise insufficiency of service in its answer, the court finds that it has waived any such defense.

Further, even if the defendant had not waived this defense, personal service would be improper. Under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332(a)(4), 1391(f), 1441(d), & 1602 *et seq.,* the exclusive means for effecting service upon "the agencies or instrumentalities of foreign states" is pursuant to provisions of 28 U.S.C. § 1608. *Lippus v. Dahlgren Mfg. Co.,* 644 F.Supp. 1473, 1476 (E.D.N.Y.1986); *Unidyne Corp. v. Aerolineas Argentinas,* 590 F.Supp. 391, 394 (E.D.Va.1984). Section 1608 provides in pertinent part:

> (b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
>
> .    .    .    .    .
>
> (3) if service cannot be made under paragraph (1) ..., and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into

---

**3.** Defendant EAC has filed a motion for judgment on the pleadings against the plaintiffs, and defendants UTC and PWC have filed a motion for summary judgment against the plaintiffs. The court notes that this motion, if granted, would moot the remainder of the plaintiffs' request for enlargement of time as to the defendants. Therefore, the court addresses these motions below prior to addressing the remainder of the plaintiffs' motion for enlargement of time.

the official language of the foreign state—

.    .    .    .    .

(C) as directed by order of the court....

28 U.S.C. § 1608(b).

Based on the above analysis, the court finds that defendant Embraer has waived the defense of insufficiency of process. Further, personal service would be improper in this instance even if the defense had not been waived. Plaintiff's request for the costs of personal service, therefore, are DENIED.

*Defendant EAC's Motion for Judgment on the Pleadings*

Defendant EAC has moved the court for judgment on the pleadings against the Potts plaintiffs in this MDL action. The plaintiffs have responded in opposition to this motion. The court considers the motion below.[4]

The defendants argue that the because the plaintiffs failed to perfect service within 120 days of filing their complaint, their action against EAC must be dismissed. The defendants further contend that the plaintiffs have failed to demonstrate good cause for this failure and that, therefore, their failure should not be excused by the court. Plaintiffs have responded by arguing that they

---

4. The court notes that defendant EAC's motion, if granted, would moot the plaintiffs' request for enlargement of time as to defendant EAC. Therefore, the court addresses defendant EAC's motion first.

5. Further, the plaintiffs have argued that their motion for enlargement of time should be granted to allow them to perfect service on the defendants.

6. The text of former subsection 4(c)(2)(C)(ii) read, in part, as follows:

[A summons and complaint may be served upon a foreign corporation] by mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender

have shown good cause for their failure and that their complaint should not be dismissed.[5]

The court begins its analysis by reviewing the requirements for service under Federal Rule of Civil Procedure 4. The plaintiffs attempted to serve the defendants by mail under subsection 4(c)(2)(C)(ii) of Rule 4.[6] With respect to service by mail, the law of this circuit holds that a plaintiff must effect personal service upon a defendant within 120 days of filing a complaint if that defendant elects not to return the acknowledgment form or otherwise waive formal service requirements.[7] *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991). If a plaintiff fails to perfect service within the 120 day period, the complaint must be dismissed unless "good cause" can be shown by the plaintiff. *In re Cooper,* 971 F.2d 640, 641 (11th Cir.1992) (noting that Rule 4(j) states "the action *shall be dismissed* ") (emphasis added); *Schnabel,* 922 F.2d at 728.

In this action, it is undisputed by the parties that the plaintiffs failed to properly effect personal service upon the defendants within the 120 day period. Therefore, the plaintiffs' complaint must be dismissed unless the plaintiffs can meet the good cause standard. The court considers this issue below.

Under Rule 4(j), a complaint which has not been served within the 120 day period "shall be dismissed as to that defendant

---

within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraphs (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Rule 4 was amended effective December 1, 1993. Amendments affecting paragraph (c)(2)(C)(ii) and the Notes of the Advisory Committee make even clearer the decision reached by the court below.

7. The plaintiffs rely heavily on *Prather v. Raymond Constr. Co.,* 570 F.Supp. 278 (N.D.Ga. 1983) for the proposition that failing to return an acknowledgment form constitutes an "evasion of service." The court notes, however, that this holding has been rejected by the Eleventh Circuit and every other circuit that has considered the issue save one. *See Schnabel,* 922 F.2d at 728 (holding that defendant's actual knowledge of suit to be irrelevant); *see also Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir.1984) (holding mail service effective where a defendant actually receives the mail service, but refuses to acknowledge such service).

[who has not been served] without prejudice upon the court's own initiative with notice to such party or upon motion. . . ." Fed. R.Civ.P. 4(j). If, however, service is not perfected within that time period, Fed. R.Civ.P. 6(b)(2) permits the plaintiff to move the court for an extension of time to perfect service if the plaintiff can show "good cause" for its failure to perfect service. Fed. R.Civ.P. 6(b)(2). When a plaintiff's motion is filed after the 120 day period, the court must strictly construe its application of the "good cause" standard under Rule 4. *See Baden v. Craig–Hallum, Inc.,* 115 F.R.D. 582, 585 (D.Minn.1987).

■ "[T]he text of Rule 4(j) plainly places the burden on the plaintiff to show good cause" for a failure to perfect service within the 120 day period. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985). In this action, the plaintiffs argue that they have shown good cause for their failure to perfect service and further argue that they have been diligent in their attempts to perfect service. The plaintiffs have alleged that when they became actively involved in this litigation, discovery had progressed rapidly and they had to "catch up" to other plaintiffs in the case. In response to these allegations, defendants UT and PWC have provided intricate details of discovery activities that occurred around the time of the 120 day period in this case. These details paint a picture in which the plaintiffs were able to "piggyback" their litigation onto much of the work done by the other plaintiffs in this action. Further, the court notes that allegations that an attorney is too "busy" does not normally provide a sufficient basis for failing to effect service within the 120 day period. *See, e.g., Taumby v. United States,* 902 F.2d 1362, 1367 (8th Cir.), *vacated on other grounds,* 919 F.2d 69 (1990); *Floyd v. United States,* 900 F.2d 1045, 1046–47 (7th Cir.1990); *McLaughlin v. City of LaGrange,*

662 F.2d 1385, 1387 (11th Cir.1981). Also, the court notes that the time periods beyond which the plaintiffs attempted to remedy their service-related problems were extraordinarily long, particularly when viewed in light of the fact that the plaintiffs were put on notice as early as the filing of defendants' answers. Therefore, the court finds that plaintiffs have not met the good cause standard. Based upon this finding, plaintiffs' motion for enlargement of time is hereby DENIED. Further, defendant EAC's motion for judgment on the pleadings as to the issue of dismissal of plaintiffs' complaint is hereby GRANTED. Plaintiffs' complaint is hereby DISMISSED without prejudice.

■ The court now addresses defendant's request for judgment on the pleadings based upon the applicable statute of limitations under Federal Rule of Civil Procedure 12(c).[8] The applicable statute in this action is O.C.G.A. § 9–3–33.[9] Under Section 9–3–33, the plaintiffs were required to file this action by April 4, 1993. Filing a complaint, however, does not toll the statute. The process required to toll a Georgia statute of limitations has been expressly described by the Eleventh Circuit. *See Cambridge Mut. Fire Ins. Co. v. Claxton,* 720 F.2d 1230 (11th Cir.1983). In *Cambridge,* the court stated that "[i]f service is perfected within five days of filing of the complaint, even though the statute of limitations has run before service is perfected, service will relate back." *Id.* at 1233 (citing *Hilton v. Maddox, Bishop, Hayton Frame & Trim Contractors, Inc.,* 125 Ga.App. 423, 188 S.E.2d 167 (1972)). This process allowed the plaintiffs two options for perfecting service: (1) perfect service before the end of the time period under the statute of limitations; or (2) within five days of filing the complaint. *Id.* In this action, plaintiffs admittedly did neither.

**8.** In its response to defendants UTC's and PWC's motion for summary judgment, defendant EAC argues that summary judgment is unnecessary in this case because the court can grant judgment on the pleadings under Rule 4(j) and Rule 12(c). This argument is based upon the fact that the facts surrounding service within the 120 day period and filing within the period required under the statute of limitations is clear from the

face of the pleadings. In its response, therefore, defendant EAC requested judgment under both Rule 4(j) and Rule 12(c).

**9.** O.C.G.A. § 9–3–33 provides in part:

Actions for injuries to the person shall be brought within two years after the right of action accrues. . . .

■ Because plaintiffs did not meet the technical requirements for perfecting service before the statute of limitations had expired, they must show that they acted with the "greatest possible diligence" in attempting to perfect service upon the defendants. *Devoe v. Callis*, 212 Ga.App. 618, 619–20, 442 S.E.2d 765 (1994). The plaintiffs have argued that they acted with sufficient diligence to meet this standard. The defendant has argued that plaintiffs' conduct fails to meet this standard and that the court should enter judgment on the pleadings on this basis.

■ First, the court notes that plaintiffs have the sole, non-delegable responsibility to ensure that proper service has been obtained. *Deal v. Rust Eng'g Co.*, 169 Ga. App. 60, 311 S.E.2d 499 (1983). Further, if plaintiffs are unable to make this showing, then the statute of limitations is not tolled and they are barred from bringing suit. *Robinson v. Stuck*, 194 Ga.App. 311, 390 S.E.2d 603 (1990), *cert. denied* (March 1, 1990). Where, as here, the plaintiffs waited fifteen days after the suit was filed and eight days after the statute had expired to obtain a summons, forewent personal service in favor of service by mail, and where service was not personally served on the defendant until over seven months had passed from the filing date, the plaintiffs have clearly failed to meet their burden. Therefore, the defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is hereby GRANTED.

*Defendants UTC's and PWC's Motions for Summary Judgment and for Leave to File Supplemental Memorandum*

■ The court first addresses the defendants' motion for leave to file a supplemental memorandum. The plaintiffs have not responded to this motion. "Failure to file a response shall indicate that there is not opposition to the motion." L.R. 220–1(b)(1), N.D.Ga. The purpose of defendants' proposed motion is to supplement the defendants' summary judgment motion based upon the recent decision in the case of *Devoe v. Callis*, 212 Ga.App. 618, 442 S.E.2d 765 (1994). The court finds that this motion will in no way prejudice or unduly burden the plaintiffs. This is particularly true where plaintiffs have offered no opposition to the motion. Therefore, the defendants' motion is GRANTED [42–1].

Next, the court considers defendants' motion for summary judgment. These defendants have moved the court for a grant of summary judgment on virtually identical grounds as those advanced by defendant EAC. The court considers this motion below.

The facts involving defendants UTC and PWC are virtually identical to, if not more egregious than, the facts involving defendant EAC. Based on the analysis in relation to defendant EAC's motion above, the court finds that the defendants' motion for summary judgment should also be granted.

■ As to these defendants, the plaintiffs failed to perfect service upon them within the 120 day period and are relying on the same arguments rejected by the court above as to showing good cause. Further, as to the statute of limitations issue, the plaintiffs did not attempt to serve these defendants until 214 and 288 days, respectively, after the filing of the complaint. Therefore, defendants' motion for summary judgment on these issues is hereby GRANTED [27–1].

*Conclusion*

After careful review, the court hereby DENIES [23–1] plaintiffs' motion for enlargement of time to perfect service. Defendant EAC's motion for judgment on the pleadings is hereby GRANTED [30–1]. Defendants UTC's and PWC's motion for leave to file a supplemental memorandum is GRANTED [42–1]. Finally, defendants UTC's and PWC's motion for summary judgment is hereby GRANTED [27–1].

IT IS SO ORDERED.