**Armando GAMBINO, Plaintiff,**

v.

**The VILLAGE OF OAKBROOK, Polo & Equestrian Club of Oakbrook, Ltd., Music Television, Inc., Pepsi Cola, Inc., Mega Tours, Inc., Viacom International, Inc., and Other Persons or Entities Unknown at Present, Defendants.**

**No. 94–181–CIV–FTM–17.**

United States District Court, M.D. Florida, Fort Myers Division.

Nov. 27, 1995.

_____

James Sebastian Puccio, Paul Vincent Valenti, Puccio & Associates, Ft. Myers, FL, for Armando Gambino.

John W. Lewis, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, R. Michael DeLoach, R. Michael DeLoach, P.A., Brandon, FL, Susan Mary Zwiesler, Law Office of Luis G. Figueroa, Clearwater, FL, for Music Television, Viacom Int'l, Inc.

R. Michael DeLoach, R. Michael DeLoach, P.A., Brandon, FL, Susan Mary Zwiesler, Law Office of Luis G. Figueroa, Clearwater, FL, for Pepsi Cola, Inc.

John W. Lewis, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, for Reebok International and Mega Tours, Inc.

## ORDER ON MOTIONS TO STRIKE AND DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Strike Plaintiff's Supplemental Response to Defendants' Motion to Dismiss, with supporting memorandum of law (Docket No. 31 & 32), and Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(5) and 4(m), with supporting memorandum of law (Docket No. 19 & 20).

### STATEMENT OF THE FACTS

Plaintiff filed the initial Complaint on June 3, 1994, naming as Defendants The Village of Oakbrook, Inc., Polo & Equestrian Club of Oakbrook, Ltd., Music Television, Inc. ("MTV"), Pepsi Cola, Inc. ("Pepsi") and Reebok International, Inc. ("Reebok"). After a lengthy investigation, Plaintiff discovered that The Village of Oakbrook, Inc. should not be named as a Defendant because The Village of Oakbrook, Inc. and Polo & Equestrian Club of Oakbrook, Ltd. ("Oakbrook"), were one and the same. Consequently, on November 21, 1994, Plaintiff filed a Notice of Voluntary Dismissal of Defendant The Village of Oakbrook, Inc. (Docket No. 16). Thereafter, a representative of the insurance company which insures Defendant Oakbrook gave Plaintiff the names of other potential Defendants, Mega Tours, Inc. ("Mega") and Viacom International, Inc. ("Viacom").

Plaintiff's injuries occurred on or about June 7, 1992 in Illinois. Illinois has a two year statute of limitations on negligence actions. *Miller v. Gain Fin*, 995 F.2d 706, 710 (7th Cir.1993). On June 7, 1994, Plaintiff filed an Amended Complaint naming Defendants in a timely manner to protect the statute of limitations.

Plaintiff served MTV on October 20, 1994, Mega on October 28, 1994, and Viacom on October 20, 1994. On November 16, 1994, this Court served upon Plaintiff an Order to Show Cause wherein this Court gave Plaintiff ten days to show cause why this action should not be dismissed for failure to serve Defendants within 120 days of filing the initial Complaint. On November 21, 1994, Plaintiff filed a Response to the Order to Show Cause.

On October 26, 1994, Defendants MTV, Pepsi, and Viacom filed a Motion to Dismiss the Amended Complaint for improper venue (Docket No. 9). On February 9, 1995, Defendants MTV, Mega, and Viacom filed a Motion to Dismiss the Amended Complaint with supporting memorandum of law alleging that Plaintiff failed to comply with Fed.R.Civ.P. 4(m) and that Plaintiff failed to specify any basis for the exercise of personal jurisdiction over Defendants (Docket No. 19 & 20). Plaintiff responded to this Motion to Dismiss on February 28, 1995, (Docket No. 21), and on June 2, 1995, Plaintiff filed a Supplemental Response. (Docket No. 27) However, on April 19, 1995, Defendants MTV, Mega, and Viacom waived their venue and jurisdiction objections (Docket No. 25). On June 9, 1995, Defendants Reebok, MTV, Mega, and Viacom filed a Motion to Strike Plaintiff's Supplemental Response, with supporting memorandum of law (Docket No. 31). On August 25, 1995, this Court dismissed this cause as it relates to Plaintiff's claim against Defendants Pepsi and Reebok.

### DISCUSSION

Defendants MTV, Mega, and Viacom waived their Motions to Dismiss Plaintiff's Amended Complaint on the basis of improper venue and lack of personal jurisdiction. Therefore, this Court will only consider: (1) whether this Court should strike Plaintiff's Supplemental Response to Defendants' Motion to Dismiss; and (2) whether Defendants are entitled to a dismissal pursuant to Fed. R.Civ.P. 4(m) for Plaintiff's failure to serve Defendants within 120 days of filing the initial Complaint.

### MOTION TO STRIKE SUPPLEMENTAL RESPONSE

█ Rule 3.01(b) of the District Court for the Middle District of Florida states that "[n]o other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court." In *Florida Land Title Co. v. Martinez*, No. 93–1779–CIV–T–17C, 1995 WL 836018, 1995 U.S.Dist. LEXIS 12837, at

*15 (M.D.Fla. Aug. 24, 1995), defendant filed a Supplemental Memorandum in support of a Motion for Summary Judgment. This court, citing Rule 3.01(b), Local Rules M.D.Fla., ordered that the Supplemental Memorandum be stricken since defendant failed to obtain leave of court. *Id.*

In the instant case, Plaintiff filed a Supplemental Response to Defendants' Motion to Dismiss which this Court did not request nor authorize. Accordingly, pursuant to Rule 3.01(b), Local Rules M.D.Fla., Defendants' Motion to Strike Plaintiff's Supplemental Response is granted because Plaintiff failed to obtain leave of court.

### MOTION TO DISMISS

■ Defendants MTV, Mega, and Viacom alleged that Plaintiff failed to serve them within 120 days of filing the Initial Complaint, and therefore, they are entitled to a dismissal pursuant to Fed.R.Civ.P. 4(m). Fed.R.Civ.P. 4(m) states that the Court shall dismiss the action without prejudice against Defendants not served within 120 days, unless Plaintiff can show "good cause" why service was not made within that period.

■ Good cause requires the party seeking enlargement to show good faith and a reasonable basis for noncompliance with the 120 day service requirement. *Williams v. Publix Warehouse,* 151 F.R.D. 428, 431 (M.D.Fla.1993) (citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985)). While the Federal Rules of Civil Procedure do not define "good cause," case law has specified the limits. Courts will look to "factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process," to determine whether Plaintiff satisfied the "good cause" requirement. *Estate of Zachery v. Questcare, Inc.,* 895 F.Supp. 1472 (M.D.Ala.1995); *see Floyd v. United States,* 900 F.2d 1045, 1047 (7th cir. 1990) (citation omitted); *see also Varela v. Sanchez,* 814 F.2d 821, 823–24 (1st Cir.1987). Furthermore, " 'good cause determinations under Rule 4(j)[1] entail discretionary conclusions by the district court that will not be disturbed absent an abuse of discretion.' " *Floyd,* 900 F.2d at 1046 (citing *Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir. 1988).

■ The 120 day mandate imposed by Rule 4(j) was not meant to be enforced harshly or inflexibly. *Floyd,* 900 F.2d at 1049. "The harsh sanction of Rule 4(j) is appropriate to those cases in which nonservice was the result of mere inadvertence." *D'Amario v. Russo,* 750 F.Supp. 560, 563 (D.R.I.1990) (citing *Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y.1984)). The rule was intended to be "a useful tool for docket management, not as an instrument of oppression." *Floyd,* 900 F.2d at 1049 (quoting *United States v. Ayer,* 857 F.2d 881, 885–86 (1st Cir.1988)). If a plaintiff fails to make any attempt at service within the 120 day period, it is likely that a court will find no showing of good cause. *D'Amario,* 750 F.Supp. at 563 (citations omitted).

The parties do not dispute that Plaintiff failed to serve Defendants, MTV, Mega, and Viacom within the 120 day period. The dispositive question is whether "good cause" exists for Plaintiff's failure to effect service upon these Defendants within the 120 day period or whether Plaintiff merely showed inadvertence toward effecting service upon Defendant. Plaintiff in this case did not merely ignore the 120 day deadline. After reviewing Plaintiff's Response to this Court's Order to Show Cause, Defendants' Memorandum of Law in Support of their Motion to Dismiss, and Plaintiff's Response to the Motion to Dismiss, this Court finds that Plaintiff had "good cause" for not serving the Defendants within the 120 day time period.

Plaintiff in this case showed good faith and a reasonable basis for not complying with the 120 day service requirement. Subsequent to filing the Amended Complaint on June 7, 1994, four days after Plaintiff filed the initial Complaint, Plaintiff sent a copy of same to Defendant Oakbrook's insurance company, at its request, for the purpose of further discussing settlement. Plaintiff asserts that he had the names of certain Defendants, but that he was experiencing difficulty in obtaining the names and addresses of the regis-

1. In 1993, Fed.R.Civ.P. 4(j) was amended and recodified as Fed.R.Civ.P. 4(m).

tered agents for the corporate Defendants so that proper service could be made upon them. With the understanding that diligent efforts and good faith would be used to settle the case, and at the request of Defendant Oakbrook's insurance representative, Plaintiff refrained from serving Defendants and continued to negotiate and investigate the matter in an attempt to amicably resolve the claim.

According to Plaintiff, on September 28, 1994, 117 days after Plaintiff filed the initial Complaint, he realized that the insurance carrier was not negotiating in good faith. Plaintiff sent the Amended Complaint and Summonses through UPS Overnight Delivery to the respective law enforcement agency to effectuate service. Although the Sheriff of the City of New York received the Amended Complaints and Summonses on September 29, 1994, service was not made upon Defendant MTV until October 20, 1994, Defendant Mega until October 28, 1994, and Defendant Viacom until October 20, 1994. Each of the Summonses and Amended Complaints for the properly named and identified Defendants were delivered and in the possession of the law enforcement agency to serve within 120 days of the filing of the Initial Complaint. Plaintiff does not have any knowledge or control as to when service will be made upon a Defendant.

■ "Where plaintiff has made a reasonable effort to serve defendant, Congress intended that the 120 day deadline be extended." *D'Amario v. Russo,* 750 F.Supp. 560, 563 (D.R.I.1990) (citing *Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y.1984)). In light of the fact that Plaintiff tried to settle this case up to three days before the 120 day deadline and then delivered the Amended Complaints and Summonses overnight to the respective law enforcement agency to effectuate service, this Court finds that Plaintiff made a reasonable effort to serve Defendants within the 120 day period. Additionally, it is reasonable for this Court to infer that not only was the insurance company which insures Defendant Oakbrook aware of this cause, but that they had communicated with the insurance company which insures MTV, Mega, and Viacom. Defendants had actual notice of Plaintiff's

injury, and were not prejudiced by Plaintiff's failure to serve them within 120 days of filing the Initial Complaint. Accordingly, for the foregoing reasons, there is "good cause" in this case to expand the 120 day time limit imposed by Fed.R.Civ.P. 4(m).

Moreover, the advisory committee's note states that "relief may be justified . . . if the applicable statute of limitations would bar the refiled action." Fed.R.Civ.P. 4(m) advisory committee's note (1993). If this Court dismissed this cause without prejudice, Plaintiff would be barred from refiling the action because the Statute of Limitations would have run. The dismissal of this action would do nothing more than deprive Plaintiff of his day in court and award Defendant Oakbrook's insurance company which insures Defendant Oakbrook for waiting until the Statute of Limitations had almost expired before expressing its position.

ORDERED that Defendants Motion to Strike Plaintiff's Supplemental Response, be **granted.**

ORDERED that Defendants Motion to Dismiss for Plaintiff's failure to serve Defendants within 120 days, be **denied.**

DONE and ORDERED.