**Gerald PAYNE, as Trustee of Greater Ministries International Church, Plaintiff,**

v.

**UNITED STATES of America, Department of the Treasury, United States Custom Service, Defendants.**

**No. 98–436–CIV–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 8, 1998.

David A. Maney, Maney, Damsker, Harris & Jones, P.A., Tampa, FL, for plaintiff.

Philip Doyle, U.S. Dept. of Justice, Tax Division, Washington, DC, for defendants.

### *ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT*

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendants', United States of America, Department of the Treasury, and United States Custom Services, Motion to Dismiss (Docket No. 9), filed July 24, 1998. Plaintiff filed a response, (Docket No. 11), on August 6, 1998.

### *STANDARD OF REVIEW*

A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *See Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting FED. R. CIV. P. 8(a)(2)).

In deciding a motion to dismiss, the court can only examine the four (4) corners of the complaint. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted).

In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. *See Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991). With this standard in mind the Court turns to consideration of the claims asserted.

### BACKGROUND

The original cause of action was filed on February 27, 1998. (Docket No. 1). On March 5, 1998, copies of summons addressed to the United States Attorney's Office, the Commissioner of Customs, and the Civil Process Clerk at the U.S. Attorney's Office were received by the Clerk of the U.S. District Court for the Middle District of Florida. (Docket No. 2). On May 4, 1998, Plaintiff filed an Amended Verified Complaint. (Docket No. 4). On July 24, 1998, Defendants filed a Motion to Dismiss, (Docket No. 9), pursuant to Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction and insufficiency of service of process. Defendants also request dismissal of Count I of the Amended Verified Complaint, pursuant to Rule 12(b)(6), FED. R. CIV. P., for failure to state a claim upon which relief may be granted. (Docket No. 9). On August 5, 1998, the Clerk of the U.S. District Court for the Middle District of Florida received a copy of a summons issued to the Honorable Janet Reno, Attorney General of the United States. Plaintiff's Memorandum of Law in Opposition to the Defendants' Motion to Dismiss was filed on August 6, 1998. (Docket No. 11).

The Amended Verified Complaint alleges the following:

As to Count I:

1. On December 4, 1997, Plaintiff filed a Customs Declaration providing that he was carrying currency or monetary instruments over $10,000.00 in U.S. or foreign equivalent. (Docket No. 4, Paragraph 4).

2. On December 4, 1997, an employee of the United States Customs Service seized U.S. currency in the amount of $9,900.00, English currency with a face value of £425, and an appraised value of $686.00, Sixty (60) United States silver dollars, twenty-four (24) one ounce silver colored coins, thirty-three (33) one-half ounce silver colored coins, sixty-four (64) one-half ounce gold colored coins, one hundred twenty-three (123) one-quarter ounce gold colored coins, two hundred sixty-one (261) one-tenth ounce gold-colored coins, and one Samsonite roller suitcase from Plaintiff, as Trustee of Greater Ministries International Church. (Docket No. 4, Paragraph 5).

3. On or about December 5, 1997, Plaintiff, as Trustee of Greater Ministries International Church, filed a petition with the United States Customs Service seeking relief from the forfeiture. (Docket No. 4, Paragraph 6).

4. On December 17, 1997, a Fines, Penalties, and Forfeitures Officer of the United States Customs Service informed Plaintiff that "Further investigation has revealed that the property cannot be released." (Docket No. 4, Paragraph 7).

5. The United States Customs Service has conditioned the release of the items on the execution of a Hold Harmless Agreement and the execution of Customs Form 4790. (Docket No. 4, Paragraph 8).

6. On March 11, 1998, the United States Customs Service returned all seized items except the U.S. Currency in the amount of $9,900.00 and English Currency with a face value of £425, and an appraised value of $686.00, to the Greater Ministries International Church. (Docket No. 4, Paragraph 9).

7. Greater Ministries International Church is entitled to return of the seized goods. (Docket No. 4, Paragraph 10).

As to Count II:

1. This is a civil action by Plaintiff, as Trustee of Greater Ministries International Church, for the return of funds as a result of wrongful levy by the Internal Revenue Service. (Docket No. 4, Paragraph 11).

2. On or about April 20, 1998, the Internal Revenue Service served a Notice of Levy upon the United States Customs Service and seized funds in the possession and custody of the United States Customs Service. (Docket No. 4, Paragraph 14).

3. The levy described was pursuant to a Notice of Federal Tax Lien, filed with the Hillsborough County Circuit Court Official Records, on or about March 26, 1997. (Docket No. 4, Paragraph 15).

4. The Notice of Federal Tax Lien names Gerald D. Payne as the taxpayer. (Docket No. 4, Paragraph 16).

5. Gerald Payne has no interest in or any rights to the seized funds. (Docket 4, Paragraph 17).

6. The funds seized are owned by Greater Ministries International Church. (docket No. 4, Paragraph 18).

7. Greater Ministries International Church is entitled to return of the funds wrongfully levied upon by the Internal Revenue Service.

## DISCUSSION

### DISMISSAL OF COUNT I

Defendants assert that Plaintiff's request for injunctive relief compelling the Customs Service to return goods seized or to commence forfeiture proceedings is moot because all items seized have either been returned to Greater Ministries or levied by the Internal Revenue Service. (Docket No. 9). Defendant also asserts that the Department of the Treasury should be dismissed from the action because the Amended Verified Complaint does not request any relief from them and they are not a proper party defendant. (Docket No. 9).

The proper party defendant under a claim of wrongful levy is the United States of America. 26 U.S.C. § 7426. Therefore, Count I and Defendants, Department of the Treasury and United States Custom Service, are dismissed from this action under Rule 12(b)(6), FED. R. CIV. P. The only remaining Defendant in this action is the United States.

### SERVICE OF PROCESS

Defendants also allege that Plaintiff failed to effect service of process upon the United States, as required by Rule 4(i)(1)(a), FED. R. CIV. P. (Docket No. 9). To effect service of process upon the United States a copy of the summons and complaint must be delivered personally or by registered or certified mail to the United States Attorney for the district in which the action commences, or to his delegate, and also by registered or certified mail to the Attorney General of the United States. *See* FED. R. CIV. P. 4(i)(1)(A). Rule 4(m), FED. R. CIV. P., sets a 120 day time limit for effective service of process. While a court is granted some discretionary powers in enlarging the 120 day time period, it should normally only be done upon a showing of good cause for plaintiff's delay. *See* FED. R. CIV. P. 4(m); *see also In re Tom C. Cooper,* 971 F.2d 640 (11th Cir.1992); *Prisco v. Frank,* 929 F.2d 603 (11th Cir.1991); *Schnabel v. Wells,* 922 F.2d 726 (11th Cir. 1991); *Gambino v. Village of Oakbrook,* 164 F.R.D. 271 (M.D.Fla.1995); *Potts v. Atlantic Southeast Airlines, Inc.,* 158 F.R.D. 693 (N.D.Ga.1994); *Cox v. Arizona League of Professional Baseball Clubs, Inc.,* 151 F.R.D. 436 (M.D.Fla.1993). The court is also granted power to extend the 120 day time limit required by Rule 4(m), FED. R. CIV. P., under

Rule 4(i)(3), FED. R. CIV. P. Rule 4(i)(3) requires a court to give a reasonable amount of time to cure a failure to serve multiple officers of the United States, as long as the plaintiff has already effectively served either the United States Attorney or the Attorney General of the United States.

In the case at hand, Plaintiff effectively served the United States Attorney's office on March 3, 1998. This service is clearly within the 120 day time period required under Rule 4(m), FED. R. CIV. P. However, Plaintiff failed to serve a copy of the original Verified Complaint to the Attorney General of the United States, until August 10, 1998. Plaintiff's service on the United States Attorney General was not within the 120 day time period required under Rule 4(m), FED. R. CIV. P., and is not effective.

As to the service of the Attorney General of the United States, the Plaintiff asserts that the 120 day time period began from the time the Amended Verified Complaint was filed. (Docket No. 11). This, however, is not the case. *See Hunt v. Dep't of Air Force*, 29 F.3d 583 (11th Cir.1994); *In re Tom C. Cooper*, 971 F.2d at 641; *Prisco v. Frank*, 929 F.2d 603 (11th Cir.1991); *Schnabel v. Wells*, 922 F.2d 726 (11th Cir.1991); *see also Madison v. BP Oil Co.*, 928 F.Supp. 1132 (S.D.Ala. 1996); *Johnson v. United States*, 152 F.R.D. 87 (E.D.La.1993); *Barrett v. City of Allentown*, 152 F.R.D. 46 (E.D.Pa.1993); *Baden v. Craig–Hallum, Inc.*, 115 F.R.D. 582 (D.Minn. 1987).

While the Plaintiff has attempted to complete service on the United States, by serving a copy of the summons and the Amended Verified Complaint on the United States Attorney General, this service is outside of the 120 day requirement. The 120 day time period began to run on February 27, 1998. (Docket No. 1). The copy of the summons and Amended Verified Complaint was mailed to the United States Attorney General on August 5, 1998, and was received by the United States Attorney General on August 10, 1998. The attempted perfection of service on August 5, 1998, is clearly outside of the 120 day time limit required by Rule 4(m), FED. R. CIV. P.

Even though Plaintiff has not effectively served the United States Attorney General, the 120 day time period may be extended if the plaintiff has shown good cause for the delay. *See* FED. R. CIV. P. 4(m); *see also In re Tom C. Cooper*, 971 F.2d at 641 (stating that a district court does not have discretion to salvage an action once the court has found a violation of the Federal Rules of Civil Procedure and a lack of good cause); *Prisco* 929 F.2d at 604 (defining "good cause" as occurring only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service)(citing *Jordan v. United States*, 694 F.2d 833 (D.C.Cir.1982)); *Schnabel*, 922 F.2d at 728 (requiring dismissal if service is not perfected within 120 days and no good cause is shown); *Gambino*, 164 F.R.D. at 274 (stating that where a plaintiff has made no attempt at service within the 120 days the court is likely to find no showing of good cause); *Potts*, 158 F.R.D. at 698–99; *Cox*, 151 F.R.D. at 437–38.

In the case at hand, Plaintiff has asserted his belief that service was due 120 days from the filing of the Amended Verified Complaint. (Docket No. 11). Therefore, Plaintiff asserts that he is within the statute of limitations and the 120 day time period. (Docket No. 11). This is not sufficient to establish good cause. *See In re Tom C. Cooper*, 971 F.2d at 641; *Prisco*, 929 F.2d at 604; *Schnabel*, 922 F.2d at 728–29; *Gambino*, 164 F.R.D. at 274–75; *Potts*, 158 F.R.D. at 698–99; *Cox*, 151 F.R.D. at 437–38.

Plaintiff has not satisfied the requirements for effective service of process on the United States Attorney General and has not established good cause for the delay. However, it is well known that the Federal Rules of Civil Procedure were drafted by the judiciary and upheld by Congress as meeting constitutional scrutiny. The purpose of the Federal Rules of Civil Procedure is that they "shall be construed and administered to secure just, speedy, and inexpensive determination of every action", FED. R. CIV. P. 1., and all the rules must be considered.

This Court must note that Rule 4(i)(3) states that "a reasonable amount of time shall be given for the purpose of curing any failure to serve multiple officers of the Unit-

ed States if the plaintiff has effected service on either the United States Attorney or the Attorney General of the United States." FED. R. CIV. P. 4(i)(3). The Plaintiff, in this case, has effectively served the United States Attorney within the requirements set out under Rule 4, FED. R. CIV. P. Therefore, this Court finds it necessary to grant the Plaintiff a reasonable amount of time to cure the failure of process on the Attorney General of the United States and notes that the process has been served on the Attorney General, albeit out of the original 120 day period. Accordingly, it is

**ORDERED** that Defendants', United States of America, Department of the Treasury, and United States Customs Service, Motion to Dismiss, (Docket No. 9), Count I of the Amended Verified Complaint, (Docket No. 4), be **GRANTED,** and Count I and Defendants, Department of the Treasury and the United States Customs Service, be dismissed with prejudice. The only remaining Defendant in this action is the United States. Defendant, United States', Motion To Dismiss due to insufficiency of process be **DENIED.**